UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ABERDEEN ENTERPRISES, INC.<br><br>        Debtor.<br><br>LOUISE BLOUIN AND ABERDEEN ENTERPRISES (BVI) LTD,<br><br>        Appellants,<br><br>    v.<br><br>BAY POINT CAPITAL PARTNERS II, L.P. AND ABERDEEN ENTERPRISES, INC.,<br><br>        Appellees. | Case No.: 2:24-cv-07744-GRB<br><br>Bankruptcy Appeal |

## BAY POINT CAPITAL PARTNER II, LP's
## MOTION TO DISMISS APPEAL

Pursuant to Rule 8013(a) of the Federal Rules of Bankruptcy Procedure, appellee, Bay Point Capital Partners II, LP ("Bay Point") moves the Court for an order dismissing the appeal filed on November 2, 2024 by appellants, Louise Blouin ("Blouin") and Aberdeen Enterprises (BVI) Ltd. ("Aberdeen BVI" and together with Blouin, the "Appellants") from the *Final Order Overruling Objection of the Aberdeen Debtor Seeking to Reduce and/or Reallocate the Closing Payments Received by Bay Point Capital Partners II, L.P. Consistent with the Assigned JGB Foreclosure Judgment*, [D.I. 354] entered by the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") on October 23, 2024 (the "Aberdeen Order").

The grounds for dismissal of the appeal are (i) the Appellants' failure to file a designation of the record on appeal and a statement of the issues on appeal, as required by Fed. R. Bankr. P. 8009(a)(1), and (ii) the application of *res judicata* (claim preclusion) arising from Appellants' failure to file a notice of appeal from the Bankruptcy Court's earlier *Findings of Fact and Conclusions of Law, and Order (I) Confirming Bay Point Capital Partners II, LP's and the Debtors' Second Amended Joint Liquidating Plan under Chapter 11 of the Bankruptcy Code; (II) Approving Bay Point Capital Partners II, LP's and the Debtors' Joint Disclosure Statement; and Approving the Sale Transactions (As Defined Herein); and (III) Granting Related Relief* [D.I. 248] (the "Confirmation Order") entered on March 1, 2024.[1]

In support of this Motion, Bay Point respectfully states as follows:

**BACKGROUND FACTS**

1. The Bankruptcy Court entered the Aberdeen Order on October 23, 2024, overruling the *Objection of the Aberdeen Debtor Seeking to Reduce and/or Reallocate the Closing Payments Received by Bay Point Capital Partners II, L.P. Consistent with the Assigned JGB Foreclosure Judgment* [D.I. 280]. In its Objection, Aberdeen Enterprises, Inc., the debtor in the within chapter 11 case (the "Debtor" or "Aberdeen") had sought to recover payments made to Bay Point under a joint plan of liquidation filed by Bay Point, Aberdeen and Aberdeen's affiliate, Brickchurch Enterprises, Inc. ("Brickchurch"), arguing that the

---

[1] As a separate ground for dismissing the appeal filed by Aberdeen BVI, the off-shore, non-debtor corporate parent of Aberdeen Enterprises, Inc., Aberdeen BVI is not represented by counsel. The law is clear that a corporation, or other artificial entity, cannot appear in federal court unless it is represented by counsel. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries … that a corporation may appear in the federal courts only through licensed counsel."); *United States v. Hagerman*, 545 Fed.3d 579, 581 (7th Cir. 2008) ("A corporation is not permitted to litigate in federal court unless it is represented by a lawyer licensed to practice in that court"); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that … cannot appear *pro se*, and must be represented by counsel").

2

payment provisions in the plan were inconsistent with the sale provisions in a pre-petition state court foreclosure judgment that had been stayed following the commencement of bankruptcy.[2]

2.    The Aberdeen Order incorporated the Bankruptcy Court's findings and conclusions from a bench ruling made on October 9, 2024.  *See 10/9/24 Transcript*, a copy of which is attached as Exhibit A.  In its ruling, the Bankruptcy Court found that the Confirmation Order approving the distribution of funds to Bay Point under the Joint Plan precluded Aberdeen from asserting that plan payments were required to conform to the provisions of the pre-petition state court foreclosure judgment.  Specifically, the Bankruptcy Court found that:

> What Aberdeen has failed or refused to recognize is that the $26,892,813.08 distributed to Bay Point from the Aberdeen sale proceeds was done expressly pursuant to the terms of the heavily negotiated joint consensual plan proposed by the Debtors with Aberdeen and confirmed by the Court.
>
> …
>
> It is well known that a bankruptcy court's order of confirmation is a final judgment which is entitled to res judicata effect.… Res judicata bars parties from relitigating issues that have been previously decided by the Court or could have been raised prior to entry of the final order.

*10/9/24 Transcript* at 15:13-16:6 (internal citation omitted).

3.    Blouin and Aberdeen BVI, Aberdeen's non-debtor corporate parent, filed a notice of appeal of the Aberdeen Order on November 2, 2024. [D.I. 365]. A *Notice of Appeal*

---

[2] Aberdeen and Brickchurch had each owned contiguous ocean front properties comprising a four acre estate in Southampton, New York, and were co-borrowers on a loan secured by each of their properties. The state court foreclosure judgment, entered on February 2, 2022, was stayed following Brickchurch's filing of a chapter 11 petition on April 30, 2022.  Aberdeen filed its chapter 11 petition on August 2, 2023.  The cases were jointly administered in the Bankruptcy Court.  On March 1, 2024, the Bankruptcy Court entered the Confirmation Order confirming *Bay Point Capital Partners II, LP's and the Debtors' Second Amended Joint Liquidating Plan under Chapter 11 of the Bankruptcy Code* [D.I. 215] (the "Joint Plan").

*Deficiency* [D.I. 366] for failure to pay the requisite filing fee was entered on the same day. The notice of appeal was subsequently entered on the Bankruptcy Court's docket on November 6, 2024. Aberdeen did not file a notice of appeal.

4.      The Bankruptcy Court entered a *Notice to Parties Concerning Appeal* [D.I. 365] on November 6, 2024. That notice advised the parties, among other things, that Blouin was required to file, and serve on Bay Point, a designation of record on appeal, and a statement of issues to be presented on appeal, within fourteen (14) days from the date of the filing of the notice of appeal, as provided in Fed. R. Bankr. P. 8009(a)(1).

5.      Blouin failed to file a designation of the record on appeal or a statement of issues to be presented on appeal. On December 2, 2024, this Court entered a *Notice of Bankruptcy Incomplete Record Received* from the Bankruptcy Court [District Court D.I. 3] consisting of the entire docket for *In re Aberdeen Enterprises, Inc.,* Case No. 8-23-728934-ast comprising 378 docket items, and noting that no designations of the record on appeal had been entered.

6.      On December 9, 2024, Bay Point filed, pursuant to Fed. R. Bankr. P. 8009(e)(2), *Bay Point Capital Partners II, LP's (I) Statement in Response to Appellant, Louise Blouin's Failure to Comply with Fed. R. Bankr. P. 8009(a) And (II) Request to Modify the Record and Identify the Issue to be Addressed in Connection with Pending Appeal* [D.I. 380] (the "Response"). In its Response, Bay Point identified the documents in the record that are relevant to a disposition of the pending appeal, and indicated that it would seek dismissal of the appeal because Blouin had failed to comply with Bankruptcy Rule 8009(a)(1), and, in any event, her claims for relief are barred by application of *res judicata*.

## ARGUMENT

### The Appeal Should Be Dismissed Because Blouin Has Failed to Comply with Bankruptcy Rule 8009(a)(1)

7.  Bankruptcy Rule 8009(a)(1) is clear.  Within fourteen (14) days following the filing of a notice of appeal, "[t]he appellant *must* file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8009(a)(1) (emphasis supplied). Absent a showing of excusable neglect, the failure to comply with Bankruptcy Rule 8009(a)(1) constitutes grounds for dismissal of the appeal.  *See Albicocco v. Albicocco (In re Albicocco)*, No. 06-CV-3409, 2006 U.S. Dist. LEXIS 61900 (E.D.N.Y. August 16, 2006) (district court refused to grant a motion for an extension of time to permit a late filing and dismissed the appeal for failure to file the designation of the record and statement of issues within the time prescribed by the Bankruptcy Rules).

8.  Although the Court has discretion under Bankruptcy Rule 9006(b)(1) to permit Blouin to correct her failure to file the record designation and statement of issues if she can show her "failure to act was the result of excusable neglect," there is no basis upon which Blouin can make such a showing.[3]  The requirements in Bankruptcy Rule 8009(a)(1) are clear on their face. Moreover,  on the same day, November 6, 2024, that her notice of appeal was entered on the docket, the Bankruptcy Court entered, and served on Blouin, a *Notice to Parties Concerning Appeal* [D.I. 368] advising the parties, among other things, that Blouin was required to file, and

---

[3] The Supreme Court had occasion to explain the meaning of "excusable neglect" in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1986) holding that a court must take into account all relevant circumstances surrounding a party's failure to act, including the danger of prejudice to other parties, the length of the delay, the potential impact on judicial proceedings, the reason for the delay, whether the act was within the party's reasonable control, and whether the party acted in good faith.

5

serve on Bay Point, a designation of the record on appeal, and a statement of issues to be presented on appeal, within fourteen (14) days of the filing of the Notice of Appeal.

9. Where a rule is entirely clear, courts are loath to excuse non-compliance on the basis of excusable neglect. *See Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250-51 (2d Cir. 1997) ("failure to follow clear dictates of a court rule will generally not constitute such excusable neglect.… Where … the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test."); *Lynch v. United States (In re Lynch)*, 430 F.3d 600, 604 (2d Cir. 2005) (court affirmed district court's dismissal of appeal for failure to file designation of record and statement of issues because appellant "fail[ed] to follow clear rules").

10. On the strength of the foregoing authorities, this Court dismissed the appeal in *Albicocco*, where appellant failed to file the designation of the record and statement of issues within the time prescribed by the Bankruptcy Rules.[4] The Court observed that:

> Under the dictates of *Lynch* and the facts of the instant case, the Court possesses the discretion to find that Debtor's late filing did not constitute "excusable neglect" and thereby dismiss the appeal for failure to comply with *Rule 8006*. *Lynch* plainly establishes that the filing requirements of *Rule 8006* are clear. Moreover, as in *Lynch*, Debtor's counsel was aware of the deadline, as he admits he received the notice from the Clerk of the Bankruptcy Court, notifying him of the prerequisites for perfecting his appeal, including *Rule 8006.*

2006 U.S. Dist. LEXIS 61900 at *17-18 (internal citations and footnote omitted).

11. As was the case in *Albicocco*, the filing requirements in Bankruptcy Rule 8009(a)(1) are clear, and Blouin was served with a notice from the Bankruptcy Court clerk that

---

[4] The Rule then in effect governing appellants' filing requirements was Bankruptcy Rule 8006 which required the designation of the record and statement of issues to be filed within ten (10) days of the filing of the notice of appeal.

she was required to file her designation of the record and statement of issue within fourteen (14) days of the filing of her notice of appeal. *See Notice to Parties Concerning Appeal*, [D.I. 368].

12. The fact that Blouin is pursuing her appeal *pro se* does not provide her with a defense of "excusable neglect" for her non-compliance with the rules governing her appeal. As this Court recognized in *Albicocco:* "… the Supreme Court has specifically stated that clients are generally accountable for the acts and omissions of their attorneys, including within the specific context of determining excusable neglect," citing *Pioneer*, 507 U.S. at 396-97. If Blouin would be accountable for the failure of an attorney chosen by her to comply with the applicable rules, she certainly must be held to account for her acts and omissions after choosing to proceed without counsel. The Supreme Court's admonition in *Link v. Wabash R. Co.*, 370 U.S. 626 (1962), although made in a different context, applies with equal force to Blouin's decision to proceed *pro se*:

> Petitioner voluntarily chose this attorney as his representative in the action and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of the facts, notice of which can be charged upon the attorney.

*Id.* at 633-34 (internal citation and quotation omitted).

13. Blouin elected to pursue this appeal *pro se*, and in doing so agreed to be bound by the rules governing the appeal. The filing requirements in Bankruptcy Rule 8009(a)(1) and the *Notice to Parties Concerning Appeal* [D.I. 368] are clear. Blouin failed to comply, and the Court should, as a consequence, dismiss the appeal.

### **Blouin's Claims for Relief are Barred by *Res Judicata***

14. The doctrine of *res judicata* bars a subsequent action when (i) there was a prior decision that was a final judgment on the merits, (ii) the litigants are the same parties or their

privies, (iii) the judgment was entered by a court of competent jurisdiction, and (iv) the causes of action are the same. *See Brown Media Corp., v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017). The doctrine applies to final orders and judgments entered in bankruptcy cases, requiring the court to assess "whether a new action seeks to bring claims that could have been raised and litigated within the scope of the bankruptcy proceeding." *Brown,* 854 F3d at 158. *Res judicata* precludes a subsequent action "when [a party's] failure to raise the claims (if valid) when they should have, almost certainly affected the prior judgment." *Id.* at 162 (citation omitted).

15. It is well established in the Second Circuit and elsewhere that a confirmation order is *res judicata* as to issues addressed by a plan. *See* 11 U.S.C. § 1141(a). The critical question in determining the preclusive effect of a confirmation order is whether the bankruptcy court "would have structured a different disposition" in the order had claims been presented to it that the court found to be meritorious. *Brown*, 854 F.3d at 162 (citation omitted). *See also Sure-Snap Corp. v. State Street Bank & Trust Co.,* 948 F.2d, 869, 874 (2d Cir. 1991) ("Also dispositive to a finding of preclusive effect is whether an independent judgment in a separate proceeding would 'impair or destroy rights or interests established by the judgment entered in the first action'") (quoting *Herendeen v. Champion Int'l Corp.*, 525 F.2d 130, 133 (2d Cir. 1975).

16. Here, there is no question the Confirmation Order was a final judgment on the merits issued by a court of competent jurisdiction, and Blouin was a party to the proceedings in Aberdeen's chapter 11 case, appeared at the confirmation hearing through counsel, and objected to confirmation of the Joint Plan. Blouin's objections were overruled, and Blouin did not file an appeal of the Confirmation Order.

17. In pursing her present appeal of the Aberdeen Order, Blouin is challenging the payment provisions of the Joint Plan approved by the Bankruptcy Court in the Confirmation

Order, which challenge, if successful, would destroy rights granted to Bay Point under the plan. If the arguments she seeks to advance in this appeal had been accepted by the Bankruptcy Court at the confirmation hearing, the Joint Plan would not have been confirmed. Blouin's attempt to relitigate issues resolved by the Confirmation Order, a final order entered by a court of competent jurisdiction, is barred by *res judicata*, and her pending appeal should be dismissed.

## CONCLUSION

18. For the reasons explained above, Bay Point requests that the Court enter an order dismissing the appeal filed by Appellants, Louise Blouin and Aberdeen Enterprises (BVI) Ltd.

Dated: December 16, 2024

Respectfully submitted,

*/s/ Alan R. Lepene*
Alan R. Lepene (*admitted pro hac vice*)
**THOMPSON HINE LLP**
3900 Key Center, 127 Public Square
Cleveland, OH 44114-1291
Office: 216.566.5520
Fax: 216.566.5800
*Alan.Lepene@thompsonhine.com*

John C. Allerding (*admitted pro hac vice*)
3560 Lenox Road NE, Suite 1600
Atlanta, Georgia 30326
Office: 404.407.3676
Fax: 404.541.2905
John.Allerding@ThompsonHine.com

*Counsel for Bay Point Capital Partners II, LP*