UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ABERDEEN ENTERPRISES, INC.<br><br>Debtor.<br><br>LOUISE BLOUIN AND ABERDEEN ENTERPRISES (BVI) LTD,<br><br>Appellants,<br><br>v.<br><br>BAY POINT CAPITAL PARTNERS II, L.P. AND ABERDEEN ENTERPRISES, INC.,<br><br>Appellees. | Case No.: 2:24-cv-07744-GRB<br><br>Bankruptcy Appeal |

**BAY POINT CAPITAL PARTNERS II, LP's RESPONSE TO REVISED MOTION SUBMITTED IN CONNECTION WITH THE PENDING APPEAL AND MOTION IN CONNECTION WITH PENDING APPEAL AND ORDER**

1. Appellee Bay Point Capital Partners II, L.P. ("Appellee") hereby responds to the *Revised Motion Submitted in Connection with the Pending Appeal* and *Motion in Connection with Pending Appeal and Order* (ECF No. 20, the "Motion") filed by Louise Blouin ("Appellant").

2. The Motion is procedurally improper in that it does not actually move the Court to do anything.

3. Moreover, the Motion is filled with 237 pages of arguments and exhibits – the vast majority of which are not relevant to the order currently on appeal.

4. With respect to the arguments that were raised in connection with the order currently on appeal, Appellant's most recent arguments do not move the needle with respect to

Appellee's currently pending Motion to Dismiss (ECF No. 7, the "Motion to Dismiss"). Appellee reincorporates the arguments raised in its Motion to Dismiss as if fully restated herein.

5. To date, Appellant has failed to file a brief in this appeal, or other required papers in compliance with Part VIII of the Federal Rules of Bankruptcy Procedure, a copy of which is attached. Appellee reserves its right to file its appellate brief if and when required.

6. Appellee respectfully requests that this Court enter an order (i) denying the Motion; and (ii) granting such other and further relief as the Court deems just.

Dated: April 23, 2025

Respectfully submitted,

*/s/ John C. Allerding*

John C. Allerding (*admitted pro hac vice*)
3560 Lenox Road NE, Suite 1600
Atlanta, Georgia 30326
Office: 404.407.3676
Fax: 404.541.2905
John.Allerding@ThompsonHine.com

Alan R. Lepene (*admitted pro hac vice*)
**THOMPSON HINE LLP**
3900 Key Center, 127 Public Square
Cleveland, OH 44114-1291
Office: 216.566.5520
Fax: 216.566.5800
*Alan.Lepene@thompsonhine.com*

*Counsel for Bay Point Capital Partners II, LP*

# USCS Bankruptcy R 8001

Current through changes received through March 12, 2025.

**USCS Federal Rules Annotated > Federal Rules of Bankruptcy Procedure and Official Bankruptcy Forms > Part VIII. APPEAL TO A DISTRICT COURT OR A BANKRUPTCY APPELLATE PANEL**

## Rule 8001. Scope; Definition of "BAP"; Sending Documents Electronically

**(a) Scope.** These Part VIII rules govern the procedure in a United States district court and in a bankruptcy appellate panel on appeal from a bankruptcy court's judgment, order, or decree. They also govern certain procedures on appeal to a United States court of appeals under 28 U.S.C. § 158(d).

**(b) Definition of "BAP".** "BAP" means a bankruptcy appellate panel established by a circuit judicial council and authorized to hear appeals from a bankruptcy court under 28 U.S.C. § 158.

**(c) Requirement to Send Documents Electronically.** Under these Part VIII rules, a document must be sent electronically, unless:

**(1)** it is sent by or to an individual who is not represented by counsel; or

**(2)** the court's local rules permit or require mailing or delivery by other means.

## History

Added April 25, 1983, eff. Aug. 1, 1983; March 30, 1987, eff. Aug. 1, 1987; April 30, 1991, eff. Aug. 1, 1991; April 11, 1997, eff. Dec. 1, 1997; April 23, 2008, eff. Dec. 1, 2008; March 26, 2009, eff. Dec. 1, 2009; April 25, 2014, eff. Dec. 1, 2014; April 2, 2024, eff. Dec. 1, 2024.

USCS Federal Rules Annotated
Copyright © 2025 All rights reserved.

---

End of Document

# USCS Bankruptcy R 8002

Current through changes received through March 12, 2025.

**USCS Federal Rules Annotated > Federal Rules of Bankruptcy Procedure and Official Bankruptcy Forms > Part VIII. APPEAL TO A DISTRICT COURT OR A BANKRUPTCY APPELLATE PANEL**

## Rule 8002. Time to File a Notice of Appeal

**(a) In General.**

**(1)** *Time to File.* Except as (b) and (c) provide otherwise, a notice of appeal must be filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered.

**(2)** *Filing Before the Entry of Judgment.* A notice of appeal filed after the bankruptcy court announces a decision or order—but before entry of the judgment, order, or decree—is treated as filed on the date of and after the entry.

**(3)** *Multiple Appeals.* If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise allowed by this rule— whichever is later.

**(4)** *Mistaken Filing in Another Court.* If a notice of appeal is mistakenly filed in a district court, BAP, or court of appeals, that court's clerk must note on it the date when it was received and send it to the bankruptcy clerk. The notice is then considered filed in the bankruptcy court on the date noted.

**(5)** *Entry Defined.*

**(A)** In General. A judgment, order, or decree is entered for purposes of this subdivision (a):

**(i)** when it is entered in the docket under Rule 5003(a); or

**(ii)** if Rule 7058 applies and Fed. R. Civ. P. 58(a) requires a separate document, when the judgment, order, or decree is entered in the docket under Rule 5003(a) and when the earlier of these events occurs:

• the judgment, order, or decree is set out in a separate document; or

• 150 days have run from entry of the judgment, order, or decree in the docket under Rule 5003(a).

**(B)** Failure to Use a Separate Document. A failure to set out a judgment, order, or decree in a separate document when required by Fed. R. Civ. P. 58(a) does not affect the validity of an appeal from that judgment, order, or decree.

**(b) Effect of a Motion on the Time to Appeal.**

**(1)** *In General.* If a party files in the bankruptcy court any of the following motions—and does so within the time allowed by these rules—the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

**(A)** to amend or make additional findings under Rule 7052, whether or not granting the motion would alter the judgment;

**(B)** to alter or amend the judgment under Rule 9023;

**(C)** for a new trial under Rule 9023; or

**(D)** for relief under Rule 9024 if the motion is filed within 14 days after the judgment is entered.

**(2)** *Notice of Appeal Filed Before a Motion Is Decided.* If a party files a notice of appeal after the court announces or enters a judgment, order, or decree—but before it disposes of any motion listed in (1)—the notice becomes effective when the order disposing of the last such remaining motion is entered.

**(3)** *Appealing a Ruling on a Motion.* A party intending to challenge an order disposing of a motion listed in (1)—or an alteration or amendment of a judgment, order, or decree made by a decision on the motion—must file a notice of appeal or an amended notice of appeal. It must:

**(A)** comply with Rule 8003 or 8004; and

**(B)** be filed within the time allowed by this rule, measured from the entry of the order disposing of the last such remaining motion.

**(4)** *No Additional Fee for an Amended Notice.* No additional fee is required to file an amended notice of appeal.

**(c) Appeal by an Inmate Confined in an Institution.**

**(1)** *In General.* If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this paragraph (1). If an inmate files a notice of appeal from a bankruptcy court's judgment, order, or decree, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and:

**(A)** it is accompanied by:

**(i)** a declaration in compliance with 28 U.S.C. § 1746—or a notarized statement—setting out the date of deposit and stating that first-class postage is being prepaid; or

**(ii)** evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid; or

**(B)** the appellate court exercises its discretion to permit the later filing of a declaration or notarized statement that satisfies (A)(i).

**(2)** *Multiple Appeals.* If an inmate files under this subdivision (c) the first notice of appeal, the 14-day period provided in (a)(3) for another party to file a notice of appeal runs from the date when the bankruptcy clerk dockets the first notice.

**(d) Extending the Time to File a Notice of Appeal.**

**(1)** *When the Time May Be Extended.* Except as (2) provides otherwise, the bankruptcy court may, on motion, extend the time to file a notice of appeal if the motion is filed:

**(A)** within the time allowed by this rule; or

**(B)** within 21 days after that time expires if the party shows excusable neglect.

**(2)** *When the Time Must Not Be Extended.* The bankruptcy court must not extend the time to file the notice if the judgment, order, or decree being appealed:

**(A)** grants relief from an automatic stay under § 362, 922, 1201, or 1301 [11 USCS § 362, 922, 1201, or 1301];

**(B)** authorizes the sale or lease of property or the use of cash collateral under § 363 [11 USCS 363];

**(C)** authorizes obtaining credit under § 364 [11 USCS § 364];

**(D)** authorizes assuming or assigning an executory contract or unexpired lease under § 365 [11 USCS § 365];

**(E)** approves a disclosure statement under § 1125 [11 USCS § 1125]; or

**(F)** confirms a plan under § 943, 1129, 1225, or 1325 [11 USCS § 943, 1129, 1225, or 1325].

**(3)** *Limit on Extending Time.* An extension of time must not exceed 21 days after the time allowed by this rule, or 14 days after the order granting the motion to extend time is entered—whichever is later.

## History

As amended March 30, 1987, eff. Aug. 1, 1987; April 30, 1991, eff. Aug. 1, 1991; April 29, 1994, eff. Aug. 1, 1994; April 11, 1997, eff. Dec. 1, 1997; March 26, 2009, eff. Dec. 1, 2009; April 25, 2014, eff. Dec. 1, 2014; April 26, 2018, eff. Dec. 1, 2018; April 2, 2024, eff. Dec. 1, 2024.

USCS Federal Rules Annotated
Copyright © 2025 All rights reserved.

# USCS Bankruptcy R 8003

Current through changes received through March 12, 2025.

**USCS Federal Rules Annotated > Federal Rules of Bankruptcy Procedure and Official Bankruptcy Forms > Part VIII. APPEAL TO A DISTRICT COURT OR A BANKRUPTCY APPELLATE PANEL**

## Rule 8003. Appeal as of Right —H ow Taken; Docketing the Appeal

**(a) Filing a Notice of Appeal.**

**(1)** *Time to File.* An appeal under 28 U.S.C. § 158(a)(1) or (2) from a bankruptcy court's judgment, order, or decree to a district court or a BAP may be taken only by filing a notice of appeal with the bankruptcy clerk within the time allowed by Rule 8002.

**(2)** *Failure to Take Any Other Step.* An appellant's failure to take any step other than timely filing a notice of appeal does not affect the appeal's validity, but is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal.

**(3)** *Content of the Notice of Appeal.* A notice of appeal must:

**(A)** conform substantially to Form 417A;

**(B)** be accompanied by the judgment—or the appealable order or decree—from which the appeal is taken; and

**(C)** be accompanied by the prescribed filing fee.

**(4)** *Merger.* The notice of appeal encompasses all orders that, for purposes of appeal, merge into the identified judgment or appealable order or decree. It is not necessary to identify those orders in the notice of appeal.

**(5)** *Final Judgment.* The notice of appeal encompasses the final judgment, whether or not that judgment is set out in a separate document under Rule 7058, if the notice identifies:

**(A)** an order that adjudicates all remaining claims and the rights and liabilities of all remaining parties; or

**(B)** an order described in Rule 8002(b)(1).

**(6)** *Limited Appeal.* An appellant may identify only part of a judgment or appealable order or decree by expressly stating that the notice of appeal is so limited. Without such an express statement, specific identifications do not limit the scope of the notice of appeal.

**(7)** *Impermissible Ground for Dismissal.* An appeal must not be dismissed for failure to properly identify the judgment or appealable order or decree if the notice of appeal was filed after entry of the judgment or appealable order or decree and identifies an order that merged into that judgment or appealable order or decree.

**(8)** *Clerk's Request for Additional Copies of the Notice of Appeal.* On the bankruptcy clerk's request, the appellant must provide enough copies of the notice of appeal to enable the clerk to comply with (c).

**(b) Joint or Consolidated Appeals.**

**(1)** *Joint Notice of Appeal.* When two or more parties are entitled to appeal from a bankruptcy court's judgment, order, or decree and their interests make joinder practicable, they may file a joint notice of appeal. They may then proceed on appeal as a single appellant.

**(2)** *Consolidating Appeals.* When parties have separately filed timely notices of appeal, the district court or BAP may join or consolidate the appeals.

**(c) Serving the Notice of Appeal.**

**(1)** *Serving Parties; Sending to the United States Trustee.* The bankruptcy clerk must serve the notice of appeal by sending a copy to counsel of record for each party to the appeal—excluding the appellant's counsel—and send it to the United States trustee. If a party is proceeding pro se, the clerk must send the notice to the party's last known address. The clerk must note, on each copy, the date when the notice of appeal was filed.

**(2)** *Failure to Serve the Notice of Appeal.* The bankruptcy clerk's failure to serve notice on a party or send notice to the United States trustee does not affect the appeal's validity.

**(3)** *Entry of Service on the Docket.* The clerk must note on the docket the names of the parties served and the date and method of service.

**(d) Sending the Notice of Appeal to the District Court or BAP; Docketing the Appeal.**

**(1)** *Where to Send the Notice of Appeal*. If a BAP has been established to hear appeals from that district—and an appellant has not elected to have the appeal heard in the district court—the bankruptcy clerk must promptly send the notice of appeal to the BAP clerk. Otherwise, the bankruptcy clerk must promptly send it to the district clerk.

**(2)** *Docketing the Appeal.* Upon receiving the notice of appeal, the district or BAP clerk must:

**(A)** docket the appeal under the title of the bankruptcy case and the title of any adversary proceeding; and

**(B)** identify the appellant, adding the appellant's name if necessary.

## History

As amended March 30, 1987, eff. Aug. 1, 1987; April 23, 2008, eff. Dec. 1, 2008; March 26, 2009, eff. Dec. 1, 2009; April 25, 2014, eff. Dec. 1, 2014; April 24, 2023, eff. Dec. 1, 2023; April 2, 2024, eff. Dec. 1, 2024.

USCS Federal Rules Annotated
Copyright © 2025 All rights reserved.

End of Document

# USCS Bankruptcy R 8004

Current through changes received through March 12, 2025.

**USCS Federal Rules Annotated > Federal Rules of Bankruptcy Procedure and Official Bankruptcy Forms > Part VIII. APPEAL TO A DISTRICT COURT OR A BANKRUPTCY APPELLATE PANEL**

## Rule 8004. Leave to Appeal from an Interlocutory Order or Decree Under 28 U.S.C. § 158(a)(3)

**(a) Notice of Appeal and Accompanying Motion for Leave to Appeal.** To appeal under 28 U.S.C. § 158(a)(3) from a bankruptcy court's interlocutory order or decree, a party must file with the bankruptcy clerk a notice of appeal under Rule 8003(a). The notice must:

**(1)** be filed within the time allowed by Rule 8002;

**(2)** be accompanied by a motion for leave to appeal prepared in accordance with (b); and

**(3)** unless served electronically using the court's electronic-filing system, include proof of service in accordance with Rule 8011(d).

**(b) Content of the Motion for Leave to Appeal; Response.**

**(1)** *Content.* A motion for leave to appeal under 28 U.S.C. § 158(a)(3) must include:

**(A)** the facts needed to understand the question presented;

**(B)** the question itself;

**(C)** the relief sought;

**(D)** the reasons why leave to appeal should be granted; and

**(E)** a copy of the interlocutory order or decree and any related opinion or memorandum.

**(2)** *Response.* Within 14 days after the motion for leave is served, a party may file with the district or BAP clerk a response in opposition or a cross-motion.

**(c) Sending the Notice of Appeal and Motion for Leave to Appeal; Docketing the Appeal; Oral Argument Not Required.**

**(1)** *Sending to the District Court or BAP.* If a BAP has been established to hear appeals from that district—and an appellant has not elected to have the appeal heard in the district court—the bankruptcy clerk must promptly send to the BAP clerk the notice of appeal and the motion for leave to appeal. Otherwise, the bankruptcy clerk must promptly send the notice and motion to the district clerk.

**(2)** *Docketing the Appeal.* Upon receiving the notice and motion, the district or BAP clerk must docket the appeal as prescribed by Rule 8003(d)(2).

**(3)** *Oral Argument Not Required.* Unless the district court or BAP orders otherwise, a motion, a cross-motion, and any response will be submitted without oral argument.

**(d) Failure to File a Motion for Leave to Appeal.** If an appellant files a timely notice of appeal under this rule but fails to include a motion for leave to appeal, the district court or BAP may:

**(1)** treat the notice of appeal as a motion for leave to appeal and grant or deny it; or

**(2)** order the appellant to file a motion for leave to appeal within 14 days after the order has been entered— unless the order provides otherwise.

**(e) Direct Appeal to a Court of Appeals.** If leave to appeal an interlocutory order or decree is required under 28 U.S.C. § 158(a)(3), an authorization by a court of appeals for a direct appeal under 28 U.S.C. § 158(d)(2) satisfies the requirement.

## History

Added April 25, 2014, eff. Dec. 1, 2014; April 2, 2024, eff. Dec. 1, 2024.

USCS Federal Rules Annotated
Copyright © 2025 All rights reserved.

USCS Bankruptcy R 8005

Current through changes received through March 12, 2025.

**USCS Federal Rules Annotated > Federal Rules of Bankruptcy Procedure and Official Bankruptcy Forms > Part VIII. APPEAL TO A DISTRICT COURT OR A BANKRUPTCY APPELLATE PANEL**

# Rule 8005. Election to Have an Appeal Heard in the District Court Instead of the BAP

**(a) Filing a Statement of Election.** To elect to have the district court hear an appeal, a party must file a statement of election within the time prescribed by 28 U.S.C. § 158(c)(1). The statement must substantially conform to Form 417A.

**(b) Sending Documents Relating to the Appeal.** Upon receiving an appellant's timely statement of election, the bankruptcy clerk must send all documents related to the appeal to the district clerk. A BAP clerk who receives a timely statement of election from a party other than the appellant must:

**(1)** send those documents to the district clerk; and

**(2)** notify the bankruptcy clerk that they have been sent.

**(c) Determining the Validity of an Election.** Within 14 days after the statement of election has been filed, a party seeking to determine the election's validity must file a motion in the court where the appeal is pending.

**(d) Effect of Filing a Motion for Leave to Appeal Without Filing a Notice of Appeal.** If an appellant moves for leave to appeal under Rule 8004 but fails to file a notice of appeal with the motion, it must be treated as a notice of appeal in determining whether the statement of election has been timely filed.

## History

Added April 25, 2014, eff. Dec. 1, 2014; amended April 2, 2024, eff. Dec. 1, 2024.

USCS Federal Rules Annotated
Copyright © 2025 All rights reserved.

End of Document

# USCS Bankruptcy R 8006

Current through changes received through March 12, 2025.

**USCS Federal Rules Annotated > Federal Rules of Bankruptcy Procedure and Official Bankruptcy Forms > Part VIII. APPEAL TO A DISTRICT COURT OR A BANKRUPTCY APPELLATE PANEL**

## Rule 8006. Certifying a Direct Appeal to a Court of Appeals

**(a) Effective Date of a Certification.** A certification of a bankruptcy court's judgment, order, or decree to a court of appeals for direct review under 28 U.S.C. § 158(d)(2) becomes effective when:

**(1)** it is filed;

**(2)** a timely appeal is taken under Rule 8003 or Rule 8004; and

**(3)** the notice of appeal becomes effective under Rule 8002.

**(b) Filing the Certification.** The certification must be filed with the clerk of the court where the matter is pending. For purposes of this rule, a matter remains pending in the bankruptcy court for 30 days after the first notice of appeal concerning that matter becomes effective under Rule 8002. After that time, the matter is pending in the district court or BAP.

**(c) Joint Certification by All Appellants and Appellees.**

**(1)** *In General.* A joint certification by all appellants and appellees under 28 U.S.C. § 158(d)(2)(A) must be made using Form 424. The parties may supplement the certification with a short statement about its basis. The statement may include the information required by (f)(2).

**(2)** *Supplemental Statement by the Court.* Within 14 days after the parties file the certification, the bankruptcy court—or the court where the matter is pending—may file a short supplemental statement about the certification's merits.

**(d) Court's Authority to Certify a Direct Appeal.** Only the court where the matter is pending under (b) may certify a direct appeal to a court of appeals. The court may do so on a party's request or on its own.

**(e) Certification by the Court Acting on Its Own.**

**(1)** *Separate Document Required; Service; Content.* A certification by a court acting on its own must be set forth in a separate document. The clerk of the certifying court must serve the document on the parties to the appeal in the manner required for serving a notice of appeal under Rule 8003(c)(1). It must be accompanied by an opinion or memorandum that contains the information required by (f)(2)(A)–(D).

**(2)** *Supplemental Statement by a Party*. Within 14 days after the court's certification, a party may file with the clerk of the certifying court a short supplemental statement about the merits of certification.

**(f) Certification by the Court on Request.**

**(1)** *How Requested.* A party's request for certification under 28 U.S.C. § 158(d)(2)(A)—or a request by a majority of the appellants and of the appellees—must be filed with the clerk of the court where the matter is pending. The request must be filed within 60 days after the judgment, order, or decree is entered.

**(2)** *Service; Content.* The request must be served on all parties to the appeal in the manner required for serving a notice of appeal under Rule 8003(c)(1). The request must include:

**(A)** the facts needed to understand the question presented;

**(B)** the question itself;

**(C)** the relief sought;

**(D)** the reasons why a direct appeal should be allowed, including which circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i)–(iii) applies; and

**(E)** the judgment, order, or decree, and any related opinion or memorandum.

**(3)** *Time to File a Response or a Cross-Request.*

**(A)** Response. A party may file a response within 14 days after the request has been served, or within such other time as the court where the matter is pending allows.

**(B)** Cross-Request. A party may file a cross-request for certification within 14 days after the request has been served or within 60 days after the judgment, order, or decree has been entered—whichever occurs first.

**(4)** *Oral Argument Not Required.* Unless the court where the matter is pending orders otherwise, a request, a cross-request, and any response will be submitted without oral argument.

**(5)** *Form of a Certification; Service.* The court that certifies a direct appeal in response to a request must do so in a separate document served on all parties to the appeal in the manner required for serving a notice of appeal under Rule 8003(c)(1).

**(g) Request for Leave to Take a Direct Appeal to a Court of Appeals After Certification.** Within 30 days after the certification has become effective under (a), a request for leave to take a direct appeal to a court of appeals must be filed with the circuit clerk in accordance with Fed. R. App. P. 6(c).

## History

As amended March 30, 1987, eff. Aug. 1, 1987; April 30, 1991, eff. Aug. 1, 1991; April 29, 1994, eff. Aug. 1, 1994; March 26, 2009, eff. Dec. 1, 2009; April 25, 2014, eff. Dec. 1, 2014; April 26, 2018, eff. Dec. 1, 2018; April 2, 2024, eff. Dec. 1, 2024.

USCS Federal Rules Annotated
Copyright © 2025 All rights reserved.

---

**End of Document**

# USCS Bankruptcy R 8007

Current through changes received through March 12, 2025.

**USCS Federal Rules Annotated > Federal Rules of Bankruptcy Procedure and Official Bankruptcy Forms > Part VIII. APPEAL TO A DISTRICT COURT OR A BANKRUPTCY APPELLATE PANEL**

## Rule 8007. Stay Pending Appeal; Bond; Suspending Proceedings

**(a) Initial Motion in the Bankruptcy Court.**

**(1)** *In General.* Ordinarily, a party must move first in the bankruptcy court for the following relief:

**(A)** a stay of the bankruptcy court's judgment, order, or decree pending appeal;

**(B)** the approval of a bond or other security provided to obtain a stay of judgment;

**(C)** an order suspending, modifying, restoring, or granting an injunction while an appeal is pending; or

**(D)** an order suspending or continuing proceedings or granting other relief permitted by (e).

**(2)** *Time to File.* The motion may be filed either before or after the notice of appeal is filed.

**(b) Motion in the District Court, BAP, or Court of Appeals on Direct Appeal.**

**(1)** *In General.* A motion for the relief specified in (a)(1)—or to vacate or modify a bankruptcy court's order granting such relief—may be filed in the court where the appeal is pending.

**(2)** *Required Showing.* The motion must:

**(A)** show that moving first in the bankruptcy court would be impracticable; or

**(B)** if a motion has already been made in the bankruptcy court, state whether the court has ruled on it, and if so, state any reasons given for the ruling.

**(3)** *Additional Requirements.* The motion must also include:

**(A)** the reasons for granting the relief requested and the facts relied on;

**(B)** affidavits or other sworn statements supporting facts subject to dispute; and

**(C)** relevant parts of the record.

**(4)** *Serving Notice.* The movant must give reasonable notice of the motion to all parties.

**(c) Filing a Bond or Other Security as a Condition of Relief.** The district court, BAP, or court of appeals may condition relief on filing a bond or other security with the bankruptcy court.

**(d) Bond or Other Security for a Trustee; Not for the United States.** The court may require a trustee who appeals to file a bond or other security. No bond or security is required when:

**(1)** the United States, its officer, or its agency appeals; or

**(2)** an appeal is taken by direction of any federal governmental department.

**(e) Continuing Proceedings in the Bankruptcy Court.** Despite Rule 7062— but subject to the authority of the district court, BAP, or court of appeals—while the appeal is pending, the bankruptcy court may:

**(1)** suspend or order the continuation of other proceedings in the case, or

**(2)** issue any appropriate order to protect the rights of all parties in interest.

## History

As amended March 30, 1987, eff. Aug. 1, 1987; April 30, 1991, eff. Aug. 1, 1991; April 25, 2014, eff. Dec. 1, 2014; April 26, 2018, eff. Dec. 1, 2018; April 2, 2024, eff. Dec. 1, 2024.

USCS Federal Rules Annotated
Copyright © 2025 All rights reserved.

---

**End of Document**

# USCS Bankruptcy R 8008

Current through changes received through March 12, 2025.

**USCS Federal Rules Annotated > Federal Rules of Bankruptcy Procedure and Official Bankruptcy Forms > Part VIII. APPEAL TO A DISTRICT COURT OR A BANKRUPTCY APPELLATE PANEL**

## Rule 8008. Indicative Rulings

**(a) Motion for Relief Filed When an Appeal Is Pending; Bankruptcy Court's Options.** If a party files a timely motion in the bankruptcy court for relief that the court lacks authority to grant because an appeal has been docketed and is pending, the bankruptcy court may:

**(1)** defer considering the motion;

**(2)** deny the motion;

**(3)** state that it would grant the motion if the court where the appeal is pending remands for that purpose; or

**(4)** state that the motion raises a substantial issue.

**(b) Notice to the Court Where the Appeal Is Pending.** If the bankruptcy court states that it would grant the motion or that the motion raises a substantial issue, the movant must promptly notify the clerk of the court where the appeal is pending.

**(c) Remand After an Indicative Ruling.** If the bankruptcy court states that it would grant the motion or that the motion raises a substantial issue, the district court or BAP may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal. If the district court or BAP remands but retains jurisdiction, the parties must promptly notify the clerk of that court when the bankruptcy court has decided the motion on remand.

## History

As amended March 30, 1987, eff. Aug. 1, 1987; April 23, 1996, eff. Dec. 1, 1996; April 25, 2014, eff. Dec. 1, 2014; April 2, 2024, eff. Dec. 1, 2024.

USCS Federal Rules Annotated
Copyright © 2025 All rights reserved.

**End of Document**

**USCS Bankruptcy R 8009**

Current through changes received through March 12, 2025.

**USCS Federal Rules Annotated > Federal Rules of Bankruptcy Procedure and Official Bankruptcy Forms > Part VIII. APPEAL TO A DISTRICT COURT OR A BANKRUPTCY APPELLATE PANEL**

# Rule 8009. Record on Appeal; Sealed Documents

**(a) Designating the Record on Appeal; Statement of the Issues; Content of the Record.**

**(1)** *Appellant's Designation and Statement of the Issues.* The appellant must:

**(A)** file with the bankruptcy clerk a designation of the items to be included in the record on appeal and a statement of the issues to be presented; and

**(B)** file and serve the designation and statement on the appellee within 14 days after:

- the notice of appeal as of right has become effective under Rule 8002; or
- an order granting leave to appeal has been entered.

Premature service is treated as service on the first day on which filing is timely.

**(2)** *Appellee's and Cross-Appellant's Designation and Statement of the Issues.*

**(A)** *Appellee.* Within 14 days after being served, the appellee may file with the bankruptcy clerk and serve on the appellant a designation of additional items to be included in the record.

**(B)** *Cross-Appellant*. An appellee who files a cross-appeal must file and serve a designation of additional items to be included in the record and a statement of the issues to be presented on the cross-appeal.

**(3)** *Cross-Appellee's Designation*. Within 14 days after the cross-appellant's designation and statement have been served, the cross-appellee may file with the bankruptcy clerk and serve on the cross-appellant a designation of additional items to be included in the record.

**(4)** *Record on Appeal.* The record on appeal must include:

- the docket entries kept by the bankruptcy clerk;
- items designated by the parties;
- the notice of appeal;
- the judgment, order, or decree being appealed;
- any order granting leave to appeal;
- any certification required for a direct appeal to the court of appeals;
- any opinion, findings of fact and conclusions of law relating to the issues on appeal, including transcripts of all oral rulings;
- any transcript ordered under (b);
- any statement required by (c); and
- any other items from the record that the court where the appeal is pending orders to be included.

**(5)** *Copies for the Bankruptcy Clerk.* If paper copies are needed and the bankruptcy clerk requests copies of designated items, the party filing the designation must provide them. If the party fails to do so, the bankruptcy clerk must prepare them at that party's expense.

**(b) Transcript of Proceedings.**

**(1)** *Appellant's Duty to Order.* Within the period prescribed by (a)(1), the appellant must:

**(A)** order in writing from the reporter, as defined in Rule 8010(a)(1), a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal, and file a copy of the order with the bankruptcy clerk; or

**(B)** file with the bankruptcy clerk a certificate stating that the appellant is not ordering a transcript.

**(2)** *Appellee's Duty to Order as a Cross-Appellant*. Within 14 days after the appellant has filed a copy of the transcript order—or a certificate stating that the appellant is not ordering a transcript—the appellee as cross-appellant must:

**(A)** order in writing from the reporter a transcript of such additional parts of the proceedings as the cross-appellant considers necessary for the appeal, and file a copy of the order with the bankruptcy clerk; or

**(B)** file with the bankruptcy clerk a certificate stating that the cross-appellant is not ordering a transcript.

**(3)** *Appellee's or Cross-Appellee's Right to Order.* Within 14 days after the appellant or cross-appellant has filed a copy of a transcript order—or a certificate stating that the appellant or cross-appellant is not ordering a transcript—the appellee or cross-appellee:

**(A)** may order in writing from the reporter a transcript of any additional parts of the proceeding that the appellee or cross-appellee considers necessary for the appeal; and

**(B)** must file a copy of the order with the bankruptcy clerk.

**(4)** *Payment.* At the time of ordering, a party must make satisfactory arrangements with the reporter to pay for the transcript.

**(5)** *Unsupported Finding or Conclusion.* If the appellant intends to argue on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all relevant testimony and a copy of all relevant exhibits.

**(c) When a Transcript Is Unavailable.**

**(1)** *Statement of the Evidence.* If a transcript of a hearing or trial is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement must be filed within the time prescribed by (a)(1) and served on the appellee.

**(2)** *Appellee's Response.* The appellee may serve objections or proposed amendments within 14 days after being served.

**(3)** *Court Approval.* The statement and any objections or proposed amendments must then be submitted to the bankruptcy court for settlement and approval. As settled and approved, the statement must be included by the bankruptcy clerk in the record on appeal.

**(d) Agreed Statement as the Record on Appeal.**

**(1)** *Agreed Statement.* Instead of the record on appeal as defined in (a), the parties may prepare, sign, and submit to the bankruptcy court a statement of the case showing how the issues presented by the appeal arose and were decided in the bankruptcy court.

**(2)** *Content.* The statement must set forth only those facts alleged and proved or sought to be proved that are essential to the court's resolution of the issues. If the statement is accurate, it— together with

any additions that the bankruptcy court considers necessary to a full presentation of the issues on appeal—must be:

**(A)** approved by the bankruptcy court; and

**(B)** certified to the court where the appeal is pending as the record on appeal.

**(3)** *Time to Send the Agreed Statement to the Appellate Court*. The bankruptcy clerk must then send the agreed statement to the clerk of the court where the appeal is pending within the time provided by Rule 8010. A copy may be filed in place of the appendix required by Rule 8018(b) or, in the case of a direct appeal to the court of appeals, by Fed. R. App. P. 30.

**(e) Correcting or Modifying the Record.**

**(1)** *Differences About Accuracy; Improper Designations.* If any difference arises about whether the record accurately discloses what occurred in the bankruptcy court, the difference must be submitted to and settled by the bankruptcy court and the record conformed accordingly. If an item has been improperly designated as part of the record on appeal, a party may move to strike that item.

**(2)** *Omissions and Misstatements.* If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected, and a supplemental record may be certified and sent:

**(A)** on stipulation of the parties;

**(B)** by the bankruptcy court before or after the record has been sent; or

**(C)** by the court where the appeal is pending.

**(3)** *Remaining Questions.* All other questions about the form and content of the record must be presented to the court where the appeal is pending.

**(f) Sealed Documents.**

**(1)** *In General.* A document placed under seal by the bankruptcy court may be designated as a part of the record on appeal. But a document so designated:

**(A)** must be identified without revealing confidential or secret information; and

**(B)** may be sent only as (2) prescribes.

**(2)** *When to Send a Sealed Document.* To have a sealed document sent as part of the record, a party must file in the court where the appeal is pending a motion to accept the document under seal. If the motion is granted, the movant must notify the bankruptcy court, and the bankruptcy clerk must promptly send the sealed document to the clerk of the court where the appeal is pending.

**(g) Duty to Assist the Bankruptcy Clerk.** All parties to an appeal must take any other action needed to enable the bankruptcy clerk to assemble and send the record.

## History

As amended March 30, 1987, eff. Aug. 1, 1987; March 26, 2009, eff. Dec. 1, 2009; April 25, 2014, eff. Dec. 1, 2014; April 2, 2024, eff. Dec. 1, 2024.

USCS Federal Rules Annotated
Copyright © 2025 All rights reserved.

End of Document

# USCS Bankruptcy R 8010

Current through changes received through March 12, 2025.

**USCS Federal Rules Annotated > Federal Rules of Bankruptcy Procedure and Official Bankruptcy Forms > Part VIII. APPEAL TO A DISTRICT COURT OR A BANKRUPTCY APPELLATE PANEL**

## Rule 8010. Transcribing the Proceedings; Filing the Transcript; Sending the Record

**(a) Reporter's Duties.**

**(1)** *Proceedings Recorded Without a Court Reporter Present.* If proceedings are recorded without a reporter present, the person or service selected under bankruptcy court procedures to transcribe the recording is the reporter for purposes of this rule.

**(2)** *Preparing and Filing the Transcript.* The reporter must prepare and file a transcript as follows:

**(A)** Initial Steps. Upon receiving a transcript order under Rule 8009(b), the reporter must file in the bankruptcy court an acknowledgment showing when the order was received and when the reporter expects to have the transcript completed.

**(B)** Filing the Transcript. After completing the transcript, the reporter must file it with the bankruptcy clerk, who will notify the district, BAP, or circuit clerk of its filing.

**(C)** Extending the Time to Complete a Transcript. If the transcript cannot be completed within 30 days after the order has been received, the reporter must request an extension from the bankruptcy clerk. The clerk must enter on the docket and notify the parties whether the extension is granted.

**(D)** Failure to File on Time. If the reporter fails to file the transcript on time, the bankruptcy clerk must notify the bankruptcy judge.

**(b) Clerk's Duties.**

**(1)** *Sending the Record.* Subject to Rule 8009(f) and (5) below, when the record is complete, the bankruptcy clerk must send to the clerk of the court where the appeal is pending either the record or a notice that it is available electronically.

**(2)** *Multiple Appeals.* If there are multiple appeals from a judgment, order, or decree, the bankruptcy clerk must send a single record.

**(3)** *Docketing the Record in the Appellate Court.* Upon receiving the record—or a notice that it is available electronically—the district, BAP, or circuit clerk must enter that information on the docket and promptly notify all parties to the appeal.

**(4)** *If the Court Orders Paper Copies.* If the court where the appeal is pending orders that paper copies of the record be provided, the clerk of that court must so notify the appellant. If the appellant fails to provide them, the bankruptcy clerk must prepare them at the appellant's expense.

**(5)** *Motion for Leave to Appeal.* Subject to (c), if a motion for leave to appeal is filed under Rule 8004, the bankruptcy clerk must prepare and send the record only after the motion is granted.

**(c) When a Preliminary Motion Is Filed in the District Court, BAP, or Court of Appeals.**

**(1)** *In General.* This subdivision (c) applies if, before the record is sent, a party moves in the district court, BAP, or court of appeals for:

**(A)** leave to appeal;

**(B)** dismissal;

**(C)** a stay pending appeal;

**(D)** approval of a bond or other security provided to obtain a stay of judgment; or

**(E)** any other intermediate order.

**(2)** *Sending the Record.* The bankruptcy clerk must send to the clerk of the court where the relief is sought any parts of the record designated by a party to the appeal—or send a notice that they are available electronically.

## History

As amended April 25, 2014, eff. Dec. 1, 2014; April 26, 2018, eff. Dec. 1, 2018; April 2, 2024, eff. Dec. 1, 2024.

USCS Federal Rules Annotated
Copyright © 2025 All rights reserved.

---

USCS Bankruptcy R 8011

Current through changes received through March 12, 2025.

**USCS Federal Rules Annotated > Federal Rules of Bankruptcy Procedure and Official Bankruptcy Forms > Part VIII. APPEAL TO A DISTRICT COURT OR A BANKRUPTCY APPELLATE PANEL**

## Rule 8011. Filing and Service; Signature

**(a) Filing.**

**(1)** *With the Clerk.* A document required or permitted to be filed in a district court or BAP must be filed with the clerk of that court.

**(2)** *Method and Timeliness.*

**(A)** Nonelectronic Filing.

**(i)** In General. For a document not filed electronically, filing may be accomplished by mail addressed to the district or BAP clerk. Except as provided in (ii) and (iii), filing is timely only if the clerk receives the document within the time set for filing.

**(ii)** Brief or Appendix. A brief or appendix not filed electronically is also timely filed if, on or before the last day for filing, it is:

• mailed to the clerk by first-class mail—or other class of mail that is at least as expeditious—postage prepaid; or

• dispatched to a third-party commercial carrier for delivery to the clerk within 3 days.

**(iii)** Inmate Filing. If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this item (iii). A document not filed electronically by an inmate confined in an institution is timely if it is deposited in the institution's internal mailing system on or before the last day for filing and:

• it is accompanied by a declaration in compliance with 28 U.S.C. § 1746—or a notarized statement— setting out the date of deposit and stating that first-class postage is being prepaid; or by evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid; or

• the appellate court exercises its discretion to permit the later filing of a declaration or notarized statement that satisfies this item (iii).

**(B)** Electronic Filing.

**(i)** By a Represented Person— Generally Required; Exceptions. An entity represented by an attorney must file electronically, unless nonelectronic filing is allowed by the court for cause or is allowed or required by local rule.

**(ii)** By an Unrepresented Individual—When Allowed or Required. An individual not represented by an attorney:

• may file electronically only if allowed by court order or by local rule; and

• may be required to file electronically only by court order, or by a local rule that includes reasonable exceptions.

**(iii)** Same as a Written Paper. A document filed electronically is a written paper for purposes of these rules.

**(C)** When Paper Copies Are Required. No paper copies are required when a document is filed electronically. If a document is filed by mail or by delivery to the district court or BAP, no additional copies are required. But the district court or BAP may, by local rule or order in a particular case, require that a specific number of paper copies be filed or furnished.

**(3)** *Clerk's Refusal of Documents.* The court clerk must not refuse to accept for filing any document solely because it is not presented in proper form as required by these rules or by any local rule or practice.

**(b) Service of All Documents Required.** Unless a rule requires service by the clerk, a party must, at or before the time of the filing of a document, serve it on the other parties to the appeal. Service on a party represented by counsel must be made on the party's counsel.

**(c) Manner of Service.**

**(1)** *Nonelectronic Service.* Nonelectronic service may be by any of the following:

**(A)** personal delivery;

**(B)** mail; or

**(C)** third-party commercial carrier for delivery within 3 days.

**(2)** *Service By Electronic Means.* Electronic service may be made by:

**(A)** sending a document to a registered user by filing it with the court's electronic-filing system; or

**(B)** using other electronic means that the person served consented to in writing.

**(3)** *When Service Is Complete.* Service by mail or by third-party commercial carrier is complete on mailing or delivery to the carrier. Service by electronic means is complete on filing or sending, unless the person making service receives notice that the document was not received by the person served.

**(d) Proof of Service.**

**(1)** *Requirements.* A document presented for filing must contain either of the following if it was served other than through the court's electronic-filing system:

**(A)** an acknowledgement of service by the person served; or

**(B)** proof of service consisting of a statement by the person who made service certifying:

**(i)** the date and manner of service;

**(ii)** the names of the persons served; and

**(iii)** the mail or electronic address, the fax number, or the address of the place of delivery—as appropriate for the manner of service—for each person served.

**(2)** *Delayed Proof of Service.* A district or BAP clerk may accept a document for filing without an acknowledgement or proof of service, but must require the acknowledgment or proof of service to be filed promptly thereafter.

**(3)** *For a Brief or Appendix.* When a brief or appendix is filed, the proof of service must also state the date and manner by which it was filed.

**(e) Signature Always Required.**

**(1)** *Electronic Filing.* Every document filed electronically must include the electronic signature of the person filing it or, if the person is represented, the counsel's electronic signature. A filing made through a person's electronic-filing account and authorized by that person—together with that person's name on a signature block—constitutes the person's signature.

**(2)** *Paper Filing.* Every document filed in paper form must be signed by the person filing it or, if the person is represented, by the person's counsel.

## History

As amended April 25, 2014, eff. Dec. 1, 2014; April 26, 2018, eff. Dec. 1, 2018; April 2, 2024, eff. Dec. 1, 2024.

USCS Federal Rules Annotated
Copyright © 2025 All rights reserved.

End of Document

# USCS Bankruptcy R 8012

Current through changes received through March 12, 2025.

**USCS Federal Rules Annotated > Federal Rules of Bankruptcy Procedure and Official Bankruptcy Forms > Part VIII. APPEAL TO A DISTRICT COURT OR A BANKRUPTCY APPELLATE PANEL**

## Rule 8012. Disclosure Statement

**(a) Disclosure by a Nongovernmental Corporation.** Any nongovernmental corporation that is a party to a district-court or BAP proceeding or that seeks to intervene must file a statement that:

**(1)** identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock; or

**(2)** states that there is no such corporation.

**(b) Disclosure About the Debtor.** The debtor, the trustee, or, if neither is a party, the appellant must file a statement that:

**(1)** identifies each debtor not named in the caption; and

**(2)** for each debtor that is a corporation, discloses the information required by (a).

**(c) Time to File; Supplemental Filing.** A Rule 8012 statement must:

**(1)** be filed with the principal brief or upon filing a motion, response, petition, or answer in the district court or BAP, whichever occurs first— unless a local rule requires earlier filing;

**(2)** be included before the table of contents in the principal brief; and

**(3)** be supplemented whenever the information required by this rule changes.

## History

As amended April 25, 2014, eff. Dec. 1, 2014; April 27, 2020, eff. Dec. 1, 2020; April 2, 2024, eff. Dec. 1, 2024.

USCS Federal Rules Annotated
Copyright © 2025 All rights reserved.

---

# USCS Bankruptcy R 8013

Current through changes received through March 12, 2025.

**USCS Federal Rules Annotated > Federal Rules of Bankruptcy Procedure and Official Bankruptcy Forms > Part VIII. APPEAL TO A DISTRICT COURT OR A BANKRUPTCY APPELLATE PANEL**

## Rule 8013. Motions; Interventions

**(a) Content of a Motion; Response; Reply.**

**(1)** *Request for Relief.* A request for an order or other relief is made by filing a motion with the district or BAP clerk.

**(2)** *Content of a Motion.*

**(A)** Grounds, Relief Sought, and Supporting Argument. A motion must state with particularity the grounds for the motion, the relief sought, and the legal argument supporting it.

**(B)** Motion to Expedite an Appeal. A motion to expedite an appeal must explain what justifies considering the appeal ahead of other matters. The motion may be filed as an emergency motion under (d). If it is granted, the district court or BAP may accelerate the time to:

**(i)** send the record;

**(ii)** file briefs and other documents;

**(iii)** conduct oral argument; and

**(iv)** resolve the appeal.

**(C)** Accompanying Documents.

**(i)** Supporting Document. Any affidavit or other document necessary to support a motion must be served and filed with the motion.

**(ii)** Content of Affidavit. An affidavit must contain only factual information, not legal argument.

**(iii)** Motion Seeking Substantive Relief. A motion seeking substantive relief must include a copy of the bankruptcy court's judgment, order, or decree, and any accompanying opinion as a separate exhibit.

**(D)** Documents Barred or Not Required.

**(i)** No Separate Brief. A separate brief supporting or responding to a motion must not be filed.

**(ii)** Notice and Proposed Order Not Required. Unless the court orders otherwise, a notice of motion or a proposed order is not required.

**(3)** *Response and Reply; Time to File.* Unless the district court or BAP orders otherwise:

**(A)** any party to the appeal may— within 7 days after the motion is served—file a response to the motion; and

**(B)** the movant may—within 7 days after the response is served—file a reply that addresses only matters raised in the response.

**(b) Disposition of a Motion for a Procedural Order.** The district court or BAP may rule on a motion for a procedural order—including a motion under Rule 9006(b) or (c)—at any time, without awaiting a response.

A party adversely affected by the ruling may move to reconsider, vacate, or modify it within 7 days after the order is served.

**(c) Oral Argument.** A motion will be decided without oral argument unless the district court or BAP orders otherwise.

**(d) Emergency Motion.**

**(1)** *Noting the Emergency.* A movant who requests expedited action— because irreparable harm would occur during the time needed to consider a response—must insert "Emergency" before the motion's title.

**(2)** *Content.* An emergency motion must:

**(A)** be accompanied by an affidavit setting forth the nature of the emergency;

**(B)** state whether all grounds for it were previously submitted to the bankruptcy court and, if not, why the motion should not be remanded;

**(C)** include:

**(i)** the email address, office address, and telephone number of the moving counsel; and

**(ii)** when known, the same information as in (i) for opposing counsel and any unrepresented party to the appeal; and

**(D)** be served as Rule 8011 prescribes.

**(3)** *Notifying Opposing Parties.* Before filing an emergency motion, the movant must make every practicable effort to notify opposing counsel and any unrepresented party in time for them to respond. The affidavit accompanying the motion must state:

**(A)** when and how notice was given; or

**(B)** why giving it was impracticable.

**(e) Motion Considered by a Single BAP Judge.**

**(1)** *Judge's Authority.* A BAP judge may act alone on any motion but may not:

**(A)** dismiss or otherwise determine an appeal;

**(B)** deny a motion for leave to appeal; or

**(C)** deny a motion for a stay pending appeal if denial would make the appeal moot.

**(2)** *Reviewing a Single Judge's Action.* The BAP, on its own or on a party's motion, may review a single judge's action.

**(f) Form of Documents; Length Limits; Number of Copies.**

**(1)** *Document Filed in Paper Form.* Fed. R. App. P. 27(d)(1) applies to a motion, response, or reply filed in paper form in the district court or BAP.

**(2)** *Document Filed Electronically.* A motion, response, or reply filed electronically must comply with the requirements in (1) for covers, line spacing, margins, typeface, and type style. It must also comply with the length limits in (3).

**(3)** *Length Limits.* Except by the district court's or BAP's permission, and excluding the accompanying documents authorized by (a)(2)(C):

**(A)** a motion or a response to a motion produced using a computer must include a certificate under Rule 8015(h) and not exceed 5,200 words;

**(B)** a handwritten or typewritten motion or a response to a motion must not exceed 20 pages;

**(C)** a reply produced using a computer must include a certificate under Rule 8015(h) and not exceed 2,600 words; and

**(D)** a handwritten or typewritten reply must not exceed 10 pages.

**(4)** *Providing Paper Copies.* Paper copies must be provided only if required by a local rule or by an order in a particular case.

**(g) Motion for Leave to Intervene.**

**(1)** *Time to File.* Unless a statute provides otherwise, an entity seeking to intervene in an appeal in the district court or BAP must move for leave to intervene and serve a copy of the motion on all parties to the appeal. The motion—or other notice of intervention authorized by statute— must be filed within 30 days after the appeal is docketed.

**(2)** *Content.* The motion must concisely state:

**(A)** the movant's interest;

**(B)** the grounds for intervention;

**(C)** whether intervention was sought in the bankruptcy court;

**(D)** why intervention is being sought at this stage of the proceedings; and

**(E)** why participating as an amicus curiae—rather than intervening— would not be adequate.

## History

As amended March 30, 1987, eff. Aug. 1, 1987; April 25, 2014, eff. Dec. 1, 2014; April 26, 2018, eff. Dec. 1, 2018; April 27, 2020, eff. Dec. 1, 2020; April 2, 2024, eff. Dec. 1, 2024.

USCS Federal Rules Annotated
Copyright © 2025 All rights reserved.

# USCS Bankruptcy R 8014

Current through changes received through March 12, 2025.

**USCS Federal Rules Annotated > Federal Rules of Bankruptcy Procedure and Official Bankruptcy Forms > Part VIII. APPEAL TO A DISTRICT COURT OR A BANKRUPTCY APPELLATE PANEL**

## Rule 8014. Briefs

**(a) Appellant's Brief.** The appellant's brief must contain the following under appropriate headings and in the order indicated:

**(1)** a disclosure statement, if required by Rule 8012;

**(2)** a table of contents, with page references;

**(3)** a table of authorities—cases (alphabetically arranged), statutes, and other authorities—with references to the pages of the brief where they are cited;

**(4)** a jurisdictional statement, including:

**(A)** the basis for the bankruptcy court's subject-matter jurisdiction, citing applicable statutory provisions and stating relevant facts establishing jurisdiction;

**(B)** the basis for the district court's or BAP's jurisdiction, citing applicable statutory provisions and stating relevant facts establishing jurisdiction;

**(C)** the filing dates establishing the timeliness of the appeal; and

**(D)** an assertion that the appeal is from a final judgment, order, or decree—or information establishing the district court's or BAP's jurisdiction on another basis;

**(5)** a statement of the issues presented and, for each one, a concise statement of the applicable standard of appellate review;

**(6)** a concise statement of the case setting out the facts relevant to the issues submitted for review, describing the relevant procedural history, and identifying the rulings presented for review, with appropriate references to the record;

**(7)** a summary of the argument, which must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief, and which must not merely repeat the argument headings;

**(8)** the argument, which must contain the appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies;

**(9)** a short conclusion stating the precise relief sought; and

**(10)** the certificate of compliance, if required by Rule 8015(a)(7) or (b).

**(b) Appellee's Brief.** The appellee's brief must conform to the requirements of (a)(1)–(8) and (10), except that none of the following need appear unless the appellee is dissatisfied with the appellant's statement:

**(1)** the jurisdictional statement;

**(2)** the statement of the issues and the applicable standard of appellate review; and

**(3)** the statement of the case.

**(c) Reply Brief.** The appellant may file a brief in reply to the appellee's brief. A reply brief must comply with (a)(2)–(3).

**(d) Setting Out Statutes, Rules, Regulations, or Similar Authorities.** If the court's determination of the issues presented requires the study of the Code or other statutes, rules, regulations, or similar authority, the relevant parts must be set out in the brief or in an addendum.

**(e) Briefs in a Case Involving Multiple Appellants or Appellees.** In a case involving more than one appellant or appellee, including consolidated cases, any number of appellants or appellees may join in a brief, and any party may adopt by reference a part of another's brief. Parties may also join in reply briefs.

**(f) Citation of Supplemental Authorities.** If pertinent and significant authorities come to a party's attention after the party's brief has been filed—or after oral argument but before a decision—a party may promptly advise the district or BAP clerk by a signed submission, with a copy to all other parties, setting forth the citations. The submission must state the reasons for the supplemental citations, referring either to the pertinent page of a brief or to a point argued orally. The body of the submission must not exceed 350 words. Any response must be similarly limited, and it must be made within 7 days after service unless the court orders otherwise.

## History

As amended March 30, 1987, eff. Aug. 1, 1987; April 25, 2014, eff. Dec. 1, 2014; April 2, 2024, eff. Dec. 1, 2024.

USCS Federal Rules Annotated
Copyright © 2025 All rights reserved.

---

# USCS Bankruptcy R 8015

Current through changes received through March 12, 2025.

**USCS Federal Rules Annotated > Federal Rules of Bankruptcy Procedure and Official Bankruptcy Forms > Part VIII. APPEAL TO A DISTRICT COURT OR A BANKRUPTCY APPELLATE PANEL**

## Rule 8015. Form and Length of a Brief; Form of an Appendix or Other Paper

**(a) Paper Copies of a Brief.** If a paper copy of a brief may or must be filed, the following provisions apply:

**(1)** *Reproduction.*

**(A)** Printing. The brief may be reproduced by any process that yields a clear black image on light paper. The paper must be opaque and unglazed. Only one side of the paper may be used.

**(B)** Text. Text must be reproduced with a clarity that equals or exceeds the output of a laser printer.

**(C)** Other Reproductions. Photographs, illustrations, and tables may be reproduced by any method that results in a good copy of the original. A glossy finish is acceptable if the original is glossy.

**(2)** *Cover.* The front cover of the brief must contain:

**(A)** the number of the case centered at the top;

**(B)** the name of the court;

**(C)** the title of the case as prescribed by Rule 8003(d)(2) or 8004(c)(2);

**(D)** the nature of the proceeding and the name of the court below;

**(E)** the title of the brief, identifying the party or parties for whom the brief is filed; and

**(F)** the name, office address, telephone number, and email address of counsel representing the party for whom the brief is filed.

**(3)** *Binding.* The brief must be bound in any manner that is secure, does not obscure the text, and permits the brief to lie reasonably flat when open.

**(4)** *Paper size, line spacing, and margins.* The brief must be on 8½"-by-11" paper. The text must be double-spaced, but quotations more than two lines long may be indented and single-spaced. Headings and footnotes may be single-spaced. Margins must be at least one inch on all four sides. Page numbers may be placed in the margins, but no text may appear there.

**(5)** *Typeface.* Either a proportionally spaced or monospaced face may be used.

**(A)** Proportional Spacing. A proportionally spaced face must include serifs, but sans-serif type may be used in headings and captions. A proportionally spaced face must be 14-point or larger.

**(B)** Monospacing. A monospaced face may not contain more than 10½ characters per inch.

**(6)** *Type styles.* The brief must be set in plain, roman style, although italics or boldface may be used for emphasis. Case names must be italicized or underlined.

**(7)** *Length.*

Rule 8015. Form and Length of a Brief; Form of an Appendix or Other Paper

**(A)** Page Limitation. A principal brief must not exceed 30 pages, or a reply brief 15 pages, unless it complies with (B).

**(B)** Type-volume Limitation.

**(i)** Principal Brief. A principal brief is acceptable if it contains a certificate under (h) and:

• contains no more than 13,000 words; or

• uses a monospaced face and contains no more than 1,300 lines of text.

**(ii)** Reply Brief. A reply brief is acceptable if it includes a certificate under (h) and contains no more than half the type volume specified in item (i).

**(b) Brief Filed Electronically.** A brief filed electronically must comply with (a)—except for (a)(1), (a)(3), and the paper requirement of (a)(4).

**(c) Paper Copies of an Appendix.** A paper copy of an appendix must comply with (a)(1), (2), (3), and (4), with the following exceptions:

**(1)** an appendix may include a legible photocopy of any document found in the record or of a printed decision; and

**(2)** when necessary for including odd-sized documents such as technical drawings, an appendix may be a size other than 8½” by 11”, and need not lie reasonably flat when opened.

**(d) Appendix Filed Electronically.** An appendix filed electronically must comply with (a)(2) and (4)—except for the paper requirement of (a)(4).

**(e) Other Documents.**

**(1)** *Motion.* Rule 8013(f) governs the form of a motion, response, or reply.

**(2)** *Paper Copies of Other Documents.* A paper copy of any other document—except one submitted under Rule 8014(f)—must comply with (a), with the following exceptions:

**(A)** a cover is not necessary if the caption and signature page together contain the information required by (a)(2); and

**(B)** the length limits of (a)(7) do not apply.

**(3) Document Filed Electronically.** Any other document filed electronically—except a document submitted under Rule 8014(f)—must comply with the requirements of (2).

**(f) Local Variation.** A district court or BAP must accept documents that comply with the form requirements of this rule and the length limits set by this Part VIII. By local rule or order in a particular case, a district court or BAP may accept documents that do not meet all the form requirements of this rule or the length limits set by this Part VIII.

**(g)** Items Excluded from Length. In computing any length limit, headings, footnotes, and quotations count toward the limit, but the following items do not:

- cover page;
- disclosure statement under Rule 8012;
- table of contents;
- table of citations;
- statement regarding oral argument;
- addendum containing statutes, rules, or regulations;
- certificate of counsel;
- signature block;
- proof of service; and

- any item specifically excluded by these rules or by local rule.

**(h) Certificate of Compliance.**

**(1)** *Briefs and Documents That Require a Certificate.* A brief submitted under Rule 8015(a)(7)(B), 8016(d)(2), or 8017(b)(4)—and a document submitted under Rule 8013(f)(3)(A), 8013(f)(3)(C), or 8022(b)(1)—must include a certificate by the attorney, or an unrepresented party, that the document complies with the type-volume limitation. The individual preparing the certificate may rely on the word or line count of the word-processing system used to prepare the document. The certificate must state the number of words—or the number of lines of monospaced type—in the document.

**(2)** *Using the Official Form.* A certificate of compliance that conforms substantially to Form 417C satisfies the certificate requirement.

## History

As amended March 30, 1987, eff. Aug. 1, 1987; March 26, 2009, eff. Dec. 1, 2009; April 25, 2014, eff. Dec. 1, 2014; April 26, 2018, eff. Dec. 1, 2018; April 27, 2020, eff. Dec. 1, 2020; April 2, 2024, eff. Dec. 1, 2024.

USCS Federal Rules Annotated
Copyright © 2025 All rights reserved.

---

**End of Document**

# USCS Bankruptcy R 8016

Current through changes received through March 12, 2025.

**USCS Federal Rules Annotated > Federal Rules of Bankruptcy Procedure and Official Bankruptcy Forms > Part VIII. APPEAL TO A DISTRICT COURT OR A BANKRUPTCY APPELLATE PANEL**

## Rule 8016. Cross-Appeals

**(a) Applicability.** This rule applies to a case in which a cross-appeal is filed. Rules 8014(a)– (c), 8015(a)(7)(A)–(B), and 8018(a)(1)–(3) do not apply to such a case, unless this rule states otherwise.

**(b) Designation of Appellant.** The party who files a notice of appeal first is the appellant for purposes of this rule and Rule 8018(a)(4) and (b) and Rule 8019. If notices are filed on the same day, the plaintiff, petitioner, applicant, or movant in the proceeding below is the appellant. These designations may be modified by the parties' agreement or by court order.

**(c) Briefs.** In a case involving a cross-appeal:

**(1)** *Appellant's Principal Brief.* The appellant must file a principal brief in the appeal. That brief must comply with Rule 8014(a).

**(2)** *Appellee's Principal and Response Brief.* The appellee must file a principal brief in the cross-appeal and must, in the same brief, respond to the principal brief in the appeal. That brief must comply with Rule 8014(a), but the brief need not include a statement of the case unless the appellee is dissatisfied with the appellant's statement.

**(3)** *Appellant's Response and Reply Brief.* The appellant must file a brief that responds to the principal brief in the cross-appeal and may, in the same brief, reply to the response in the appeal. That brief must comply with Rule 8014(a)(2)–(8) and (10), but none of the following need appear unless the appellant is dissatisfied with the appellee's statement in the cross-appeal:

**(A)** the jurisdictional statement;

**(B)** the statement of the issues;

**(C)** the statement of the case; and

**(D)** the statement of the applicable standard of appellate review.

**(4)** *Appellee's Reply Brief.* The appellee may file a brief in reply to the response in the cross-appeal. That brief must comply with Rule 8014(a)(2)–(3) and (10) and must be limited to the issues presented by the cross-appeal.

**(d) Length.**

**(1)** *Page Limitation.* Unless it complies with (2), the appellant's principal brief must not exceed 30 pages; the appellee's principal and response brief, 35 pages; the appellant's response and reply brief, 30 pages; and the appellee's reply brief, 15 pages.

**(2)** *Type-Volume Limitation.*

**(A)** Appellant's Brief. The appellant's principal brief or the appellant's response and reply brief is acceptable if it includes a certificate under Rule 8015(h) and:

**(i)** contains no more than 13,000 words; or

**(ii)** uses a monospaced face and contains no more than 1,300 lines of text.

**(B)** Appellee's Principal and Response Brief. The appellee's principal and response brief is acceptable if it includes a certificate under Rule 8015(h) and:

**(i)** contains no more than 15,300 words; or

**(ii)** uses a monospaced face and contains no more than 1,500 lines of text.

**(C)** Appellee's Reply Brief. The appellee's reply brief is acceptable if it includes a certificate under Rule 8015(h) and contains no more than half the type volume specified in (A).

**(e) Time to Serve and File a Brief.** Briefs must be served and filed as follows, unless the district court or BAP by order in a particular case excuses the filing of briefs or sets different time limits:

**(1)** the appellant's principal brief, within 30 days after the docketing of a notice that the record has been sent or is available electronically;

**(2)** the appellee's principal and response brief, within 30 days after the appellant's principal brief is served;

**(3)** the appellant's response and reply brief, within 30 days after the appellee's principal and response brief is served; and

**(4)** the appellee's reply brief, within 14 days after the appellant's response and reply brief is served but at least 7 days before scheduled argument—unless the district court or BAP, for cause, allows a later filing.

## History

As amended March 30, 1987, eff. Aug. 1, 1987; April 30, 1991, eff. Aug. 1, 1991; April 25, 2014, eff. Dec. 1, 2014; April 26, 2018, eff. Dec. 1, 2018; April 2, 2024, eff. Dec. 1, 2024.

USCS Federal Rules Annotated
Copyright © 2025 All rights reserved.

End of Document

USCS Bankruptcy R 8017

Current through changes received through March 12, 2025.

**USCS Federal Rules Annotated > Federal Rules of Bankruptcy Procedure and Official Bankruptcy Forms > Part VIII. APPEAL TO A DISTRICT COURT OR A BANKRUPTCY APPELLATE PANEL**

## Rule 8017. Brief of an Amicus Curiae.

**(a) During the Initial Consideration of a Case on the Merits.**

**(1)** *Applicability.* This subdivision (a) governs amicus filings during a court's initial consideration of a case on the merits.

**(2)** *When Permitted.* The United States, its officer or agency, or a state may file an amicus brief without the parties' consent or leave of court. Any other amicus curiae may file a brief only by leave of court or if the brief states that all parties have consented to its filing, but a district court or BAP may prohibit the filing of or may strike an amicus brief that would result in a judge's disqualification. On its own, and with notice to all parties to an appeal, the district court or BAP may request a brief by an amicus curiae.

**(3)** *Motion for Leave to File.* A motion for leave must be accompanied by the proposed brief and state:

**(A)** the movant's interest; and

**(B)** the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the appeal.

**(4)** *Content and Form.* An amicus brief must comply with Rule 8015. In addition, the cover must identify the party or parties supported and indicate whether the brief supports affirmance or reversal. If an amicus curiae is a corporation, the brief must include a disclosure statement like that required of parties by Rule 8012. An amicus brief need not comply with Rule 8014, but must include the following:

**(A)** a table of contents, with page references;

**(B)** a table of authorities—cases (alphabetically arranged), statutes, and other authorities—with references to the pages of the brief where they are cited;

**(C)** a concise statement of the identity of the amicus curiae, its interest in the case, and the source of its authority to file;

**(D)** unless the amicus curiae is one listed in the first sentence of (2), a statement that indicates whether:

**(i)** a party's counsel authored the brief in whole or in part;

**(ii)** a party or a party's counsel contributed money that was intended to fund preparing or submitting the brief; and

**(iii)** a person—other than the amicus curiae, its members, or its counsel—contributed money that was intended to fund preparing or submitting the brief and, if so, identifies each such person;

**(E)** an argument, which may be preceded by a summary and need not include a statement of the applicable standard of review; and

**(F)** a certificate of compliance, if required by Rule 8015(h).

**(5)** *Length*. Except by the district court's or BAP's permission, an amicus brief must be no more than one-half the maximum length authorized by these rules for a party's principal brief. If the court grants a party permission to file a longer brief, that extension does not affect the length of an amicus brief.

**(6)** *Time for filing.* An amicus curiae must file its brief—accompanied by a motion for leave to file when required—within 7 days after the principal brief of the party being supported is filed. An amicus curiae that does not support either party must file its brief within 7 days after the appellant's principal brief is filed. The district court or BAP may grant leave for later filing, specifying the time within which an opposing party may answer.

**(7)** *Reply brief.* Except by the district court's or BAP's permission, an amicus curiae may not file a reply brief.

**(8)** *Oral argument.* An amicus curiae may participate in oral argument only with the district court's or BAP's permission.

**(b) During Consideration of Whether to Grant Rehearing.**

**(1)** *Applicability.* This subdivision (b) governs amicus filings during a district court's or BAP's consideration of whether to grant rehearing, unless a local rule or order in a particular case provides otherwise.

**(2)** *When permitted.* The United States, its officer or agency, or a state may file an amicus brief without the parties' consent or leave of court. Any other amicus curiae may file a brief only by leave of court.

**(3)** *Motion for leave to file.* Paragraph (a)(3) applies to a motion for leave to file.

**(4)** *Content, Form, and Length.* Paragraph (a)(4) applies to the amicus brief. The brief must include a certificate under Rule 8015(h) and not exceed 2,600 words.

**(5)** *Time to File.* An amicus curiae supporting a motion for rehearing or supporting neither party must file its brief—accompanied by a motion for leave to file when required—within 7 days after the motion is filed. An amicus curiae opposing the motion for rehearing must file its brief— accompanied by a motion for leave to file when required—no later than the date set by the court for the response.

## History

As amended March 26, 2009, eff. Dec. 1, 2009; April 25, 2014, eff. Dec. 1, 2014; April 26, 2018, eff. Dec. 1, 2018; April 2, 2024, eff. Dec. 1, 2024.

USCS Federal Rules Annotated
Copyright © 2025 All rights reserved.

USCS Bankruptcy R 8018

Current through changes received through March 12, 2025.

**USCS Federal Rules Annotated > Federal Rules of Bankruptcy Procedure and Official Bankruptcy Forms > Part VIII. APPEAL TO A DISTRICT COURT OR A BANKRUPTCY APPELLATE PANEL**

## Rule 8018. Serving and Filing Briefs and Appendices

**(a) Time to serve and file a brief.** Unless the district court or BAP by order in a particular case excuses the filing of briefs or sets a different time, the following time limits apply:

**(1)** *Appellant's Brief.* The appellant must serve and file a brief within 30 days after the docketing of notice that the record has been sent or that it is available electronically.

**(2)** *Appellee's Brief.* The appellee must serve and file a brief within 30 days after the appellant's brief is served.

**(3)** *Appellant's Reply Brief.* The appellant may serve and file a reply brief within 14 days after service of the appellee's brief but at least 7 days before scheduled argument—unless the district court or BAP, for cause, allows a later filing.

**(4)** *Consequence of Failure to File.* If an appellant fails to file a brief on time or within an extended time authorized under (a)(3), the district court or BAP may—on its own after notice or on the appellee's motion—dismiss the appeal. An appellee who fails to file a brief will not be heard at oral argument unless the district court or BAP grants permission.

**(b) Duty to serve and file an appendix.**

**(1)** *Appellant's Duty.* Subject to (e) and Rule 8009(d), the appellant must serve and file with its principal brief an appendix containing excerpts from the record. It must contain:

**(A)** the relevant docket entries;

**(B)** the complaint and answer, or equivalent filings;

**(C)** the judgment, order, or decree from which the appeal is taken;

**(D)** any other orders, pleadings, jury instructions, findings, conclusions, or opinions relevant to the appeal;

**(E)** the notice of appeal; and

**(F)** any relevant transcript or portion of it.

**(2)** *Appellee's Appendix.* The appellee may serve and file with its brief an appendix containing any material that is required to be included or is relevant to the appeal or cross-appeal but that is omitted from the appellant's appendix.

**(3)** *Cross-Appellee's Appendix.* The appellant—as cross-appellee—may also serve and file with its response an appendix containing material that is relevant to matters raised initially by the cross-appeal but that is omitted by the cross-appellant.

**(c) Format of the appendix.**

**(1)** *Content.* The appendix must:

**(A)** begin with a table of contents identifying the page at which each part begins;

**(B)** put the relevant docket entries after the table of contents;

**(C)** then put other parts of the record chronologically;

**(D)** when transcript pages are included, show the transcript page numbers in brackets immediately before the included pages; and

**(E)** indicate omissions from the text of a document or of the transcript by asterisks.

**(2)** *Immaterial Formal Matters.* The appendix should not include immaterial formal matters, such as captions, subscriptions, and acknowledgments.

**(d) Reproducing exhibits.** Exhibits designated for inclusion in the appendix may be reproduced in a separate volume or volumes, suitably indexed.

**(e) Appeal on the original record without an appendix.** The district court or BAP may, either by rule for all cases or classes of cases or by order in a particular case:

**(1)** dispense with the appendix; and

**(2)** permit an appeal to proceed on the original record with the submission of any relevant parts that the district court or BAP orders the parties to file.

## History

Added April 25, 2014, eff. Dec. 1, 2014; April 2, 2024, eff. Dec. 1, 2024.

USCS Federal Rules Annotated
Copyright © 2025 All rights reserved.

---

USCS Bankruptcy R 8018.1

Current through changes received through March 12, 2025.

**USCS Federal Rules Annotated > Federal Rules of Bankruptcy Procedure and Official Bankruptcy Forms > Part VIII. APPEAL TO A DISTRICT COURT OR A BANKRUPTCY APPELLATE PANEL**

# Rule 8018.1. Reviewing a judgment that the bankruptcy court lacked authority to enter

If, on appeal, a district court determines that the bankruptcy court did not have authority under Article III of the Constitution to enter the judgment, order, or decree being appealed, the district court may treat it as proposed findings of fact and conclusions of law.

## History

Added April 26, 2018, eff. Dec. 1, 2018; April 2, 2024, eff. Dec. 1, 2024.

USCS Federal Rules Annotated
Copyright © 2025 All rights reserved.

---

End of Document

# USCS Bankruptcy R 8019

Current through changes received through March 12, 2025.

**USCS Federal Rules Annotated > Federal Rules of Bankruptcy Procedure and Official Bankruptcy Forms > Part VIII. APPEAL TO A DISTRICT COURT OR A BANKRUPTCY APPELLATE PANEL**

## Rule 8019. Oral Argument

**(a) Party's statement.** Any party may file, or a district court or BAP may require, a statement explaining why oral argument should, or need not, be permitted.

**(b) Presumption of oral argument; Exceptions.** Oral argument must be allowed in every case unless the district judge—or each BAP judge assigned to hear the appeal—examines the briefs and record and determines that oral argument is unnecessary because:

**(1)** the appeal is frivolous;

**(2)** the dispositive issue or issues have been authoritatively decided; or

**(3)** the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

**(c) Notice of oral argument; Motion to postpone.** The district court or BAP must advise all parties of the date, time, and place for oral argument and the time allowed for each side. A motion to postpone the argument or to allow longer argument must be filed reasonably before the hearing date.

**(d) Order and content of the argument.** The appellant opens and concludes the argument. Counsel must not read at length from briefs, the record, or authorities.

**(e) Cross-appeals and separate appeals.** If there is a cross-appeal, Rule 8016(b) determines which party is the appellant and which is the appellee for the purposes of oral argument. Unless the district court or BAP orders otherwise, a cross-appeal or separate appeal must be argued when the initial appeal is argued. Separate parties should avoid duplicative argument.

**(f) Nonappearance of a party.** If the appellee fails to appear for argument, the district court or BAP may hear the appellant's argument. If the appellant fails to appear for argument, the district court or BAP may hear the appellee's argument. If neither party appears, the case will be decided on the briefs unless the district court or BAP orders otherwise.

**(g) Submission on briefs.** The parties may agree to submit a case for decision on the briefs, but the district court or BAP may order that the case be argued.

**(h) Use of physical exhibits at argument; removal.** An attorney intending to use physical exhibits other than documents at the argument must arrange to place them in the courtroom on the day of the argument before the court convenes. After the argument, the attorney must remove the exhibits from the courtroom unless the district court or BAP orders otherwise. The clerk may destroy or dispose of them if the attorney does not reclaim them within a reasonable time after the clerk gives notice to do so.

## History

Amended March 30, 1987, eff. Aug. 1, 1987; April 25, 2014, eff. Dec. 1, 2014; April 2, 2024, eff. Dec. 1, 2024.

USCS Federal Rules Annotated
Copyright © 2025 All rights reserved.

---

End of Document

# USCS Bankruptcy R 8020

Current through changes received through March 12, 2025.

**USCS Federal Rules Annotated > Federal Rules of Bankruptcy Procedure and Official Bankruptcy Forms > Part VIII. APPEAL TO A DISTRICT COURT OR A BANKRUPTCY APPELLATE PANEL**

## Rule 8020. Frivolous Appeal; Other Misconduct

**(a) Frivolous appeal; damages and costs.** If the district court or BAP determines that an appeal is frivolous, then after a separate motion is filed or the court gives notice and a reasonable opportunity to respond, it may award just damages and single or double costs to the appellee.

**(b) Other misconduct; Sanctions.** The district court or BAP may discipline or sanction an attorney or party appearing before it for other misconduct, including a failure to comply with a court order. But the court must first give the attorney or party reasonable notice and an opportunity to show cause to the contrary—and if requested, grant a hearing.

## History

Added April 11, 1997, eff. Dec. 1, 1997; amended April 25, 2014, eff. Dec. 1, 2014; April 2, 2024, eff. Dec. 1, 2024.

USCS Federal Rules Annotated
Copyright © 2025 All rights reserved.

---

End of Document

# USCS Bankruptcy R 8021

Current through changes received through March 12, 2025.

**USCS Federal Rules Annotated > Federal Rules of Bankruptcy Procedure and Official Bankruptcy Forms > Part VIII. APPEAL TO A DISTRICT COURT OR A BANKRUPTCY APPELLATE PANEL**

## Rule 8021. Costs

**(a) Against whom assessed.** The following rules apply unless the law provides or the district court or BAP orders otherwise:

**(1)** if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise;

**(2)** if a judgment is affirmed, costs are taxed against the appellant;

**(3)** if a judgment is reversed, costs are taxed against the appellee;

**(4)** if a judgment is affirmed or reversed in part, modified, or vacated, costs are taxed only as the district court or BAP orders.

**(b) Costs for and against the United States.** Costs for or against the United States, its agency, or its officer may be assessed under (a) only if authorized by law.

**(c) Costs on appeal taxable in the bankruptcy court.** The following costs on appeal are taxable in the bankruptcy court for the benefit of the party entitled to costs under this rule:

**(1)** producing any required copies of a brief, appendix, exhibit, or the record;

**(2)** preparing and sending the record;

**(3)** the reporter's transcript, if needed to determine the appeal;

**(4)** premiums paid for a bond or other security to preserve rights pending appeal; and

**(5)** the fee for filing the notice of appeal.

**(d) Bill of costs; objections.** A party who wants costs taxed must, within 14 days after a judgment on appeal is entered, file with the bankruptcy clerk and serve an itemized and verified bill of costs. Objections must be filed within 14 days after the bill of costs is served, unless the bankruptcy court extends the time.

## History

Added April 25, 2014, eff. Dec. 1, 2014; amended April 26, 2018, eff. Dec. 1, 2018; April 27, 2020, eff. Dec. 1, 2020; April 2, 2024, eff. Dec. 1, 2024.

USCS Federal Rules Annotated
Copyright © 2025 All rights reserved.

---

End of Document

# USCS Bankruptcy R 8022

Current through changes received through March 12, 2025.

**USCS Federal Rules Annotated > Federal Rules of Bankruptcy Procedure and Official Bankruptcy Forms > Part VIII. APPEAL TO A DISTRICT COURT OR A BANKRUPTCY APPELLATE PANEL**

## Rule 8022. Motion for Rehearing

**(a) Time to file; content; response; action by the district court or BAP if granted.**

**(1)** *Time.* Unless the time is shortened or extended by order or local rule, any motion for rehearing by the district court or BAP must be filed within 14 days after a judgment on appeal is entered.

**(2)** *Contents.* The motion must state with particularity each point of law or fact that the movant believes the district court or BAP has overlooked or misapprehended and must argue in support of the motion.

**(3)** *Response.* Unless the district court or BAP requests, no response to a motion for rehearing is permitted. But ordinarily, rehearing will not be granted without such a request.

**(4)** *No oral argument.* Oral argument is not permitted.

**(5)** *Action by the district court or BAP.* If a motion for rehearing is granted, the district court or BAP may do any of the following:

**(A)** make a final disposition of the appeal without reargument;

**(B)** restore the case to the calendar for reargument or resubmission; or

**(C)** issue any other appropriate order.

**(b) Form; length.** A motion for rehearing must comply in form with Rule 8013(f)(1) and (2). Copies must be served and filed as Rule 8011 provides. Except by the district court's or BAP's permission:

**(1)** a motion produced using a computer must include a certificate under Rule 8015(h) and not exceed 3,900 words; and

**(2)** a handwritten or typewritten motion must not exceed 15 pages.

## History

Added April 25, 2014, eff. Dec. 1, 2014; April 26, 2018, eff. Dec. 1, 2018; April 2, 2024, eff. Dec. 1, 2024.

USCS Federal Rules Annotated
Copyright © 2025 All rights reserved.

End of Document

# USCS Bankruptcy R 8023

Current through changes received through March 12, 2025.

**USCS Federal Rules Annotated > Federal Rules of Bankruptcy Procedure and Official Bankruptcy Forms > Part VIII. APPEAL TO A DISTRICT COURT OR A BANKRUPTCY APPELLATE PANEL**

## Rule 8023. Voluntary Dismissal

**(a) Stipulated Dismissal.** The clerk of the district court or BAP must dismiss an appeal if the parties file a signed dismissal agreement specifying how costs are to be paid and pay any court fees that are due.

**(b) Appellant's Motion to Dismiss.** An appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the district court or BAP.

**(c) Other Relief.** A court order is required for any relief beyond the dismissal of an appeal—including approving a settlement, vacating an action of the bankruptcy court, or remanding the case to it.

**(d) Court Approval.** This rule does not alter the legal requirements governing court approval of a settlement, payment, or other consideration.

## History

Added April 25, 2014, eff. Dec. 1, 2014; amended April 11, 2022, eff. Dec. 1, 2022; April 2, 2024, eff. Dec. 1, 2024.

USCS Federal Rules Annotated
Copyright © 2025 All rights reserved.

---

End of Document

# USCS Bankruptcy R 8023.1

Current through changes received through March 12, 2025.

**USCS Federal Rules Annotated > Federal Rules of Bankruptcy Procedure and Official Bankruptcy Forms > Part VIII. APPEAL TO A DISTRICT COURT OR A BANKRUPTCY APPELLATE PANEL**

## Rule 8023.1 Substitution of Parties

**(a) Death of a Party.**

**(1)** *After a Notice of Appeal Is Filed.* If a party dies after a notice of appeal has been filed or while a proceeding is pending on appeal in the district court or BAP, the decedent's personal representative may be substituted as a party on motion filed with that court's clerk by the representative or by any party. A party's motion must be served on the representative in accordance with Rule 8011. If the decedent has no representative, any party may suggest the death on the record, and the appellate court may then direct appropriate proceedings.

**(2)** *Before a Notice of Appeal Is Filed— Potential Appellant.* If a party entitled to appeal dies before filing a notice of appeal, the decedent's personal representative—or, if there is no personal representative, the decedent's attorney of record—may file a notice of appeal within the time prescribed by these rules. After the notice of appeal is filed, substitution must be in accordance with (1).

**(3)** *Before a Notice of Appeal Is Filed— Potential Appellee.* If a party against whom an appeal may be taken dies after entry of a judgment or order in the bankruptcy court, but before a notice of appeal is filed, an appellant may proceed as if the death had not occurred. After the notice of appeal is filed, substitution must be in accordance with (1).

**(b) Substitution for a Reason Other Than Death.** If a party needs to be substituted for any reason other than death, the procedure prescribed in (a) applies.

**(c) Public Officer: Identification; Substitution.**

**(1)** *Identification of a Party.* A public officer who is a party to an appeal or other proceeding in an official capacity may be described as a party by the public officer's official title rather than by name. But the appellate court may require the public officer's name to be added.

**(2)** *Automatic Substitution of an Officeholder.* When a public officer who is a party to an appeal or other proceeding in an official capacity dies, resigns, or otherwise ceases to hold office, the action does not abate. Subject to Rule 2012, the public officer's successor is automatically substituted as a party. Proceedings after the substitution are to be in the name of the substituted party, but any misnomer that does not affect the parties' substantial rights may be disregarded. An order of substitution may be entered at any time, but failure to enter an order does not affect the substitution.

## History

Added April 2, 2024, eff. Dec. 1, 2024.

USCS Federal Rules Annotated
Copyright © 2025 All rights reserved.

---

End of Document

# USCS Bankruptcy R 8024

Current through changes received through March 12, 2025.

**USCS Federal Rules Annotated > Federal Rules of Bankruptcy Procedure and Official Bankruptcy Forms > Part VIII. APPEAL TO A DISTRICT COURT OR A BANKRUPTCY APPELLATE PANEL**

## Rule 8024. Clerk's Duties on Disposition of the Appeal

**(a) Preparing the Judgment.** After receiving the court's opinion—or instructions if there is no opinion—the district or BAP clerk must:

**(1)** prepare and sign the judgment; and

**(2)** note it on the docket, which act constitutes entry of judgment.

**(b) Giving Notice of the Judgment.** Immediately after a judgment is entered, the district or BAP clerk must:

**(1)** send notice of its entry, together with a copy of any opinion, to:

• the parties to the appeal;

• the United States trustee; and

• the bankruptcy clerk; and

**(2)** note on the docket the date the notice was sent.

**(c) Returning Physical Items.** On disposition of the appeal, the district or BAP clerk must return to the bankruptcy clerk any physical items sent as the record on appeal.

## History

Added April 25, 2014, eff. Dec. 1, 2014; April 2, 2024, eff. Dec. 1, 2024.

USCS Federal Rules Annotated
Copyright © 2025 All rights reserved.

---

**USCS Bankruptcy R 8025**

Current through changes received through March 12, 2025.

**USCS Federal Rules Annotated > Federal Rules of Bankruptcy Procedure and Official Bankruptcy Forms > Part VIII. APPEAL TO A DISTRICT COURT OR A BANKRUPTCY APPELLATE PANEL**

## Rule 8025. Staying a District Court or BAP Judgment

**(a) Automatic Stay of a Judgment on Appeal.** Unless the district court or BAP orders otherwise, its judgment is stayed for 14 days after its entry.

**(b) Stay Pending an Appeal to the United States Court of Appeals.**

**(1)** *In General.* On a party's motion with notice to all other parties to the appeal, the district court or BAP may stay its judgment pending an appeal to the court of appeals.

**(2)** *Time Limit.* Except for cause, the stay must not exceed 30 days after the judgment is entered.

**(3)** *Stay Continued When an Appeal Is Filed.* If, before a stay expires, the party who obtained it appeals to a court of appeals, the stay continues until final disposition by the court of appeals.

**(4)** *Bond or Other Security.* A bond or other security may be required as a condition for granting or continuing a stay. If a trustee obtains a stay, a bond or other security may be required. But neither is required if a stay is obtained by the United States or its officer or agency, or by direction of any department of the United States government.

**(c) Automatic Stay of the Bankruptcy Court's Order, Judgment, or Decree.** If the district court or BAP enters a judgment affirming the bankruptcy court's order, judgment, or decree, a stay of the district court's or BAP's judgment automatically stays the bankruptcy court's order, judgment, or decree while the appellate stay is in effect.

**(d) Power of a Court of Appeals or Its Judges Not Limited.** This rule does not limit the power of a court of appeals or any of its judges to:

**(1)** stay a judgment pending appeal;

**(2)** stay proceedings while an appeal is pending;

**(3)** suspend, modify, restore, vacate, or grant a stay or injunction while an appeal is pending; or

**(4)** issue any order appropriate to preserve the status quo or the effectiveness of any judgment that might be entered.

## History

Added April 25, 2014, eff. Dec. 1, 2014; April 2, 2024, eff. Dec. 1, 2024.

USCS Federal Rules Annotated
Copyright © 2025 All rights reserved.

---

## USCS Bankruptcy R 8026

Current through changes received through March 12, 2025.

**USCS Federal Rules Annotated > Federal Rules of Bankruptcy Procedure and Official Bankruptcy Forms > Part VIII. APPEAL TO A DISTRICT COURT OR A BANKRUPTCY APPELLATE PANEL**

# Rule 8026. Making and Amending Local Rules; Procedure When There Is No Controlling Law

**(a) Local Rules.**

**(1)** *Making and Amending Local Rules.*

**(A)** BAP Local Rules. A circuit council that has authorized a BAP under 28 U.S.C. § 158(b) may make and amend local rules governing the practice and procedure on appeal to the BAP from a bankruptcy court's judgment, order, or decree.

**(B)** District-Court Local Rules. A district court may make and amend local rules governing the practice and procedure on appeal to the district court from a bankruptcy court's judgment, order, or decree.

**(C)** Procedure. Fed. R. Civ. P. 83 governs the procedure for making and amending local rules. A local rule must be consistent with—but not duplicate—an Act of Congress and these Part VIII rules.

**(2)** *Numbering.* Local rules must conform to any uniform numbering system prescribed by the Judicial Conference of the United States.

**(3)** *Limitation on Enforcing a Local Rule Relating to Form.* A local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply.

**(b) Procedure When There Is No Controlling Law.** A judge may regulate practice in any manner consistent with federal law, these rules, the Official Forms, and the district's local rules. For any requirement set out elsewhere, a sanction or other disadvantage may be imposed for noncompliance only if the alleged violator was given actual notice of the requirement in the particular case.

## History

Added April 25, 2014, eff. Dec. 1, 2014; April 2, 2024, eff. Dec. 1, 2024.

USCS Federal Rules Annotated
Copyright © 2025 All rights reserved.

# USCS Bankruptcy R 8027

Current through changes received through March 12, 2025.

**USCS Federal Rules Annotated > Federal Rules of Bankruptcy Procedure and Official Bankruptcy Forms > Part VIII. APPEAL TO A DISTRICT COURT OR A BANKRUPTCY APPELLATE PANEL**

## Rule 8027. Notice of a Mediation Procedure

If the district court or BAP has a mediation procedure applicable to bankruptcy appeals, the clerk must, after docketing the appeal, promptly notify the parties of:

**(a)** the requirements of the mediation procedure; and

**(b)** any effect it has on the time to file briefs.

## History

Added April 25, 2014, eff. Dec. 1, 2014; April 2, 2024, eff. Dec. 1, 2024.

USCS Federal Rules Annotated
Copyright © 2025 All rights reserved.

---

End of Document

# USCS Bankruptcy R 8028

Current through changes received through March 12, 2025.

**USCS Federal Rules Annotated > Federal Rules of Bankruptcy Procedure and Official Bankruptcy Forms > Part VIII. APPEAL TO A DISTRICT COURT OR A BANKRUPTCY APPELLATE PANEL**

## Rule 8028. Suspending These Part VIII Rules

To expedite a decision or for other cause, a district court or BAP—or when appropriate, the court of appeals—may, in a particular case, suspend the requirements of these Part VIII rules, except Rules 8001–8007, 8012, 8020, 8024–8026, and 8028.

## History

Added April 25, 2014, eff. Dec. 1, 2014; April 2, 2024, eff. Dec. 1, 2024.

USCS Federal Rules Annotated
Copyright © 2025 All rights reserved.

---

End of Document